Marshall, Ch. J.,(a)
delivered tbe opinion of tbe court as follows : — Tbis is an indictment against tbe defendant, for taking fees, under color of bis office, as a justice of tbe peace in tbe district of Columbia. A doubt bas been suggested, respecting tbe jurisdiction of tbis court, in appeals or writs of error, from tbe judgments of tbe circuit court for tbat district, in criminal cases ; and tbis question is to be decided, before tbe court can inquire into tbe merits of tbe case.
In support of tbe jurisdiction of tbe court, tbe attorney-general bas adverted to tbe words of tbe constitution, from wbicb be seemed to argue, tbat as criminal jurisdiction was exercised by tbe courts of tbe United States, under tbe description of “ all cases in law and equity arising under tbe laws of tbe United States,” and as tbe appellate jurisdiction of tbis court was Hoi extended to all enumerated cases, other than those *which might be ■* brought on originally, “ with such exceptions, and under such regulations, as tbe congress shall make,” tbat tbe supreme court possessed appellate jurisdiction in criminal, as well as civil cases, over tbe judgments of every court, whose decisions it would review, unless there should be some exception or regulation make by congress, wbicb should circumscribe tbe jurisdiction conferred by tbe constitution.
Tbis argument would be unanswerable, if tbe supreme court bad been created by law, without describing its jurisdiction. Tbe constitution would then have been tbe only standard by wbicb its powers could be tested, since there would be clearly no congressional regulation or exception on tbe subject. But as tbe jurisdiction of tbe court bas been described, it bas been regulated by congress, and an affirmative description of its powers must be understood as a regulation, under tbe constitution, prohibiting tbe exercise of other powers than those described.
Thus, tbe appellate jurisdiction of tbis court, from tbe judgments of tbe oircuit courts, is described affirmatively : no restrictive words are used. Yet, it bas never been supposed, that a decision of a circuit court could be reviewed, unless tbe matter in dispute should exceed tbe value of $2000. There are no words in tbe act, restraining tbe supreme court from taking cognisance of causes under tbat sum ; their jurisdiction is only limited by tbe legislative declaration, tbat they may re-examine the decisions of tbe circuit court, where tbe matter in dispute exceeds tbe value of $2000. Tbis court, therefore, will only review those judgments of tbe circuit court of Columbia, a power to re-examine wbicb, is expressly given by law.
*105 On examining the act “ concerning the district of Columbia,” the court .is of opinion, that the appellate jurisdiction, granted by that act, is confined to civil cases. The words “ matter in dispute,” seem appropriated to civil cases, where the subject in contest has *a value beyond the sum men- p,, Honed in the act. But in criminal cases, the question is the guilt or' *- innocence of the accused. And although he may be fined upwards of $100, yet that is, in the eye of the law, a punishment for the offence committed, and not the particular object of the suit.
The writ of error, therefore, is to be dismissed, this court having no .jurisdiction of the case. (a)

 Johnson, J., was absent, when this opinion was delivered.

 See the case of United States v. La Vengeance, 3 Dall. 297, where it seems to be admitted, that in criminal cases, the judgment of the inferior court is final.1
1 And see Ex parte Kearney, 7 Wheat. 38; Ex parte Watkins, 8 Pet. 193; s. c. 7 Id. 574.