## SINCLAIR v. DISTRICT OF COLUMBIA.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 94.　Argued December 14, 1903.—Decided January 4, 1904.

As § 233 of the Code of the District requires the same construction as § 8 of the act of February 9, 1893, this court has no jurisdiction to review, on writ of error, a judgment of the Court of Appeals of the District of Columbia in a criminal case. *Chapman* v. *United States*, 164 U. S. 436.

THE facts are stated in the opinion.

*Mr. C. C. Cole* and *Mr. J. J. Darlington* for plaintiff in error.

Submitted for defendant in error by *Mr. A. B. Duvall* and *Mr. Edward H. Thomas.*

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Plaintiff in error was prosecuted by information in the Police Court of the District of Columbia, for a violation of an act of Congress, approved February 2, 1899, entitled "An act for the prevention of smoke in the District of Columbia, and for other purposes," 30 Stat. 812, c. 79, and was found and adjudged guilty, and sentenced "to pay a fine of fifty dollars and in default to be committed to the workhouse for the term of ninety days." The judgment was affirmed by the Court of Appeals of the District of Columbia, 20 D. C. App. 336, brought here on error, and argued on the merits and on motion to dismiss.

The Court of Appeals of the District of Columbia was established by an act of Congress, approved February 9, 1893, 27 Stat. 434, c. 74, section 8 of which was as follows:

"That any final judgment or decree of the said court of appeals may be re-examined and affirmed, reversed, or modified by the Supreme Court of the United States, upon writ of error or appeal, in all causes in which the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars, in the same manner and under the same regulations as heretofore provided for in cases of writs of error on judgment or appeals from decrees rendered in the supreme court of the District of Columbia; and also in cases, without regard to the sum or value of the matter in dispute, wherein is involved the validity of any patent or copyright, or in which is drawn in question the validity of a treaty or statute of or an authority exercised under the United States."

On March 3, 1901, an act "to establish a code of law for the District of Columbia," 31 Stat. 1189, c. 854, was approved, (and subsequently amended by acts approved January 31 and June 30, 1902, 32 Stat. 2, c. 5; 32 Stat. 520, c. 1329,) section 233 of which provides that—

"Any final judgment or decree of the court of appeals may

be re-examined and affirmed, reversed, or modified by the Supreme Court of the United States, upon writ of error. or appeal, in all cases in which the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars, in the same manner and under the same regulations as existed in cases of writs of error on judgments or appeals from decrees rendered in the supreme court of the District of Columbia on February ninth, eighteen hundred and ninety-three, and also in cases, without regard to the sum or value of the matter in dispute, wherein is involved the validity of any patent or copyright, or in which is drawn in question the validity of a treaty or statute of, or an authority exercised under, the United States."

It will be perceived that section 8 of the one act and section 233 of the other are in substance the same, and they must bear the same construction. And the ruling in *Chapman* v. *United States*, 164 U. S. 436, in respect of section 8, is decisive on the point that this writ of error cannot be maintained.

That case, as stated by the court, was this:

"Chapman was indicted in the Supreme Court of the District of Columbia for an alleged violation of section 102 of the Revised Statutes, in refusing to answer certain questions propounded to him by a special committee of the Senate of the United States, appointed to investigate charges in connection with proposed legislation then pending in the Senate. To this indictment the defendant demurred on the ground, among others, that section 102 of the Revised Statutes was unconstitutional, and that, therefore, the court was without jurisdiction in the premises. This demurrer was overruled by the trial court and its judgment thereon affirmed by the Court of Appeals of the District. 5 D. C. App. 122. Defendant was thereupon tried and convicted, and motions for new trial and in arrest of judgment having been made and overruled (the question of the constitutionality of section 102 being raised throughout the proceedings), was sentenced to be imprisoned for one month in jail a. d to pay a fine of one hundred dollars,

which judgment was affirmed on appeal. 24 Wash. Law Rep. 251. (8 D. C. App. 302.) A writ of error from this court was then allowed, 24 Wash. Law Rep. 297, (8 D. C. App. 320,) which the United States moved to dismiss."

It was held that this court had no jurisdiction to review on writ of error a judgment of the Court of Appeals of the District of Columbia in a criminal case under section eight of the act of February 9, 1893; and the writ of error was accordingly dismissed. Attention was called to the fact that it had been previously decided that the court had no jurisdiction to grant a writ of error to review the judgments of the Supreme Court of the District of Columbia in criminal cases either under the judiciary act of March 3, 1891, c. 517, 26 Stat. 826, *In re Heath,* 144 U. S. 92; or under the act of February 6, 1889, c. 113, 25 Stat. 655, *Cross* v. *United States,* 145 U. S. 571; or on *habeas corpus, Cross* v. *Burke,* 146 U. S. 82. And although the validity of any patent or copyright, or of a treaty or statute of, or an authority exercised under, the United States, was not drawn in question in those cases, it was distinctly ruled in reaching the conclusions announced that neither of the sections of the act of March 3, 1885, applied to any criminal case; and *Farnsworth* v. *Montana,* 129 U. S. 104; *United States* v. *Sanges,* 144 U. S. 310, and *United States* v. *More,* 3 Cranch, 159, were cited with approval.

We were of opinion that section eight of the act establishing the Court of Appeals of the District of Columbia, and the act of March 3, 1885, c. 355, 23 Stat. 443, were the same in their meaning and legal effect. The first section of the act of 1885 prohibited appeals or writs of error unless the matter in dispute exceeded the sum of five thousand dollars, but the second section provided that the restriction should not apply to cases wherein the validity of any patent or copyright was involved, or where the validity of a treaty or statute of or an authority exercised under the United States was drawn in question, and that in all such cases an appeal or writ of error might be brought without regard to the sum or value in dispute. And it was

ruled that the last clause of section eight of the act of 1893 must receive the same construction as had been given to the second section of the act of 1885. We said: "The meaning of both statutes is that in the cases enumerated the limitation on the amount is removed, but both alike refer to cases where there is a pecuniary matter in dispute, measureable by some sum or value, and they alike have no application to criminal cases."

*United States* v. *More*, 3 Cranch, 159, was cited to the main proposition and was quoted from in respect of the suggestion that because the punishment on conviction by the statute under which plaintiff in error was indicted, tried and convicted embraced a fine, there was therefore a sum of money in dispute. The case involved section eight of the act of February 27, 1801, c. 15, entitled "An act concerning the District of Columbia," 2 Stat. 103, and creating a Circuit Court for the District of Columbia, which provided "that any final judgment, order or decree in said Circuit Court, wherein the matter in dispute, exclusive of costs, shall exceed the value of one hundred dollars, may be re-examined and reversed or affirmed in the Supreme Court of the United States, by writ of error or appeal. . . . ." It was held that this court had no jurisdiction under that section over the judgments of the Circuit Court of the District of Columbia in criminal cases, and Chief Justice Marshall said: "On examining the act 'concerning the District of Columbia,' the court is of opinion that the appellate jurisdiction, granted by that act, is confined to civil cases. The words, 'matter in dispute,' seem appropriated to civil cases, where the subject in contest has a value beyond the sum mentioned in the act. But in criminal cases, the question is the guilt or innocence of the accused. And although he may be fined upwards of $100, yet that is, in the eye of the law, a punishment for the offence committed, and not the particular object of the suit."

And the previous ruling that section five of the judiciary act of 1891 had no application was repeated.

Chapman's case was decided November 30, 1896, and on the third of March, 1897, an act was approved which authorized this court to issue writs of certiorari in cases made final in that court to bring them up for review and determination. 29 Stat. 692, c. 390. This was carried forward into section 234 of the District Code, and in the meantime we had reviewed the judgment of the Court of Appeals in certain criminal cases on certiorari granted under the act. *Winston* v. *United States,* 172 U. S. 303; 171 U. S. 690.

The rule that applies to capital cases and infamous crimes applies to criminal offenses over which the police court of the District of Columbia exercises jurisdiction, and under that rule this writ of error must be

*Dismissed.*