## FIELDS v. UNITED STATES.

### ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 395.     Argued March 12, 13, 1907.—Decided April 8, 1907.

While under § 6 of the Court of Appeals Act of 1891, 26 Stat. 828, a certiorari can only be issued when a writ of error cannot be, it will not be issued merely because the writ of error will not lie; but only where the case is one of gravity, where there is conflict between decisions of state and Federal courts, or between those of Federal courts of different circuits, or something affecting the relations of this nation to foreign nations, or of general interest to the public.

One who embezzles money from an estate forfeits his right to commissions, irrespective of whether he is or is not convicted of any crime in respect thereto, and his conviction does not involve the pecuniary amount of the commissions which he forfeits by reason of the embezzlement; nor does the fact that such commissions amount to over $5,000 give this court jurisdiction under § 233 of the Code to review the judgment of the Court of Appeals of the District of Columbia affirming the conviction. The rule that a writ of error does not lie from this court to the Court of Appeals of the District of Columbia in a criminal case applies in such a case.

Writ of error to review 27 App. D. C. 433, dismissed.

THOMAS M. FIELDS was indicted in the Supreme Court of the District of Columbia at the January term, 1905, for embezzlement. Of eight counts in the indictment seven were disposed of by demurrer or by verdict in favor of the defendant. The trial, begun on May 8, and ending May 15, 1905, resulted in a verdict of guilty under the third count. Motions in arrest of judgment and for a new trial having been overruled, he was sentenced to imprisonment and labor in the penitentiary for five years. The Court of Appeals of the District modified the judgment of the Supreme Court by striking out the order for "labor," and, as so modified, affirmed it. 27 App. D. C. 433. The case was brought to this court on writ of error. A motion to dismiss and a petition for certiorari were presented by the respective parties, the consideration of both of which was postponed to the hearing on the merits. The indictment was found under section 841 of the District Code, which is as follows:

"Any executor, administrator, guardian; trustee, receiver, collector, or other officer into whose possession money, securities, or other property of the property or estate of any other person may come by virtue of his office or employment, who shall fraudulently convert or appropriate the same to his own use, shall forfeit all right or claim to any commissions, costs, and charges thereon, and shall be deemed guilty of embezzlement of the entire amount or value of the money or other property so coming into his possession and converted or appropriated to his own use, and shall be punished by a fine not exceeding one thousand dollars, or by imprisonment not exceeding ten years, or both."

The statute under which the writ of error was sued out is section 233 of the District Code, which reads:

"Sec. 233. Any final judgment or decree of the Court of Appeals may be re-examined and affirmed, reversed, or modified by the Supreme Court of the United States, upon writ of error or appeal, in all cases in which the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars, in the same manner and under the same regulations as existed in cases of writs of error on judgments or appeals from decrees rendered in the Supreme Court of the District of Columbia on February ninth, eighteen hundred and ninety-three, and also in cases, without regard to the sum or value of the matter in dispute, wherein is involved the validity of any patent or copyright, or in which is drawn in question the validity of a treaty or statute of, or an authority exercised under, the United States."

*Mr. Frank J. Hogan* and *Mr. John C. Gittings,* with whom *Mr. Henry E. Davis* was on the brief, for plaintiff in error:

The forfeiture under § 841 is not merely of some right or claim to some commissions, but of all right or claim to any of them; nor is the forfeiture confined merely to commissions, but it extends to costs and charges, and hence operates to leave a fiduciary deeply in debt for proper costs and charges which

he has duly paid, even under express orders of the appointing court, as in this case.

Under § 841 such commissions are involved in this case, and measure the value in money of the matter in dispute. It can even be said that the commissions are themselves the matter in dispute for the purpose of jurisdiction on this writ of error, even though in one sense an incident to the prosecution for embezzlement. Under *Chapman* v. *United States*, 164 U. S. 436, and *Sinclair* v. *District of Columbia*, 192 U. S. 16, if this statute and proceeding involve only the bare question of guilt or innocence of the elemental act as a crime, this court has no jurisdiction on the writ of error, because in such event the matter in dispute is incapable of pecuniary estimation; but by the imperative terms of the statute itself, and the necessary effect of the judgment (if valid) the case at bar presents as the matter in dispute, one that is not only capable of pecuniary estimation, but has actually been so estimated to the very penny; whereas the *Chapman case* and the *Sinclair case* were utterly devoid of this essential element.

While the mere guilt or innocence of the accused is ordinarily a matter that is incapable of pecuniary estimation, yet the statute can make it otherwise. Under § 841 the guilt and forfeiture are inseparable—the one cannot arise or exist without the other. The forfeiture is purely pecuniary, and can be said to make the guilt or innocence a matter in dispute that is capable of a money valuation, and, moreover, fixes this value as the amount of the commissions, costs and charges to which the accused is entitled.

In this case the matter in dispute is whether the plaintiff in error, as a chancery receiver, is subject to a prosecution ending in a sentence depriving him of all right of claim to any commissions, costs and charges as receiver, amounting to $10,070.82; or such commissions themselves can be considered as the matter in dispute for the purpose of jurisdiction. It is not the form, but the substance, of the proceeding that determines the matter in dispute. The statute controls abso-

lutely the entire controversy. Property rights are often concluded in criminal cases, and criminal issues are often determined in civil cases as the basis of pecuniary claims. There is no hard and fast rule to prevent such proceedings and results, especially when based upon statutes. *Smith* v. *Adams,* 130 U. S. 167; *Stinson* v. *Dousman,* 20 How. 461.

If these commissions be in one sense an incident to the prosecution for embezzlement, still this court has jurisdiction. *Simms* v. *Simms,* 175 U. S. 162; *De La Rama* v. *De La Rama,* 201 U. S. 303.

In the case at bar, though this court may have no jurisdiction of the embezzlement feature of the case as such, yet it has of the forfeiture feature, but it cannot determine the latter without passing on the sufficiency of the evidence of the former, because both points of the case rest upon exactly the same evidence; and this, therefore, opens the whole record and sets the matter at large.

*Mr. James S. Easby-Smith,* Special Assistant to the Attorney General, with whom *The Solicitor General* was on the brief, for defendant in error.

Mr. Justice Brewer, after making the foregoing statement, delivered the opinion of the court.

The petition for a certiorari must be first considered. A certiorari can be issued only when a writ of error cannot. 26 Stat. 828, sec. 6, last two paragraphs. There have been two or three instances in which, after a writ of error has been allowed, an application for a certiorari has been filed, the latter because of doubt whether the former would lie. It must not be supposed that because we have before us both a writ of error and an application for certiorari that the rules laid down by this court governing the latter applications are to be ignored, and the case held in this court by either the writ of error or the certiorari.

In this case there is no sufficient ground for a certiorari. The application comes within none of the conditions therefor declared in the decisions of this court. However important the case may be to the applicant, the question involved is not one of gravity and general importance. There is no conflict between the decisions of state and Federal courts or between those of Federal courts of different circuits. There is nothing affecting the relations of this nation to foreign nations, and indeed no matter of general interest to the public.

Will a writ of error lie? Is the case one of which this court has jurisdiction? It is settled that a criminal case, as such, cannot be brought here on writ of error from the Court of Appeals of the District. *Chapman* v. *United States*, 164 U. S. 436, and cases cited in the opinion; *Sinclair* v. *District of Columbia*, 192 U. S. 16.

The authority of these cases is not questioned, but it is contended that the forfeiture of all right or claim to any commissions, etc., was determined by the judgment in the case at bar, and that, therefore, it comes within the pecuniary provisions of section 233. *Smith* v. *Whitney*, 116 U. S. 167, is cited as authority. In that case we sustained our jurisdiction over a judgment of the Supreme Court of the District, dismissing a petition for a writ of prohibition to a court martial convened to try an officer for an offense punishable by dismissal from the service and consequent deprivation of salary, which, during the term of his office, would exceed the sum of $5,000. But that case is very different from this. There the direct result of an adverse judgment of the court martial was the deprivation of an office with a salary of over $5,000. That sum, therefore, was involved in the trial sought to be restrained. But no such result follows in this case. The act of the defendant in fraudulently converting or appropriating the moneys in his possession operates to forfeit all right or claim to any commissions, etc., and this, irrespective of the question whether he is or is not convicted of any crime in respect thereto. It is true such fraudulent conversion or appropriation is declared

to be embezzlement, and the defendant was prosecuted and convicted of that offense, but the forfeiture of commissions does not follow the judgment, but follows the wrongful conversion or appropriation of the moneys. The only direct pecuniary result of a conviction is a fine not exceeding $1,000, and that as a punishment for the offense. *United States* v. *More*, 3 Cranch, 159, 174. It adjudges no forfeiture of commissions. It may be that it furnishes evidence in respect to the forfeiture of commissions, but if so it is simply evidence. Nor does the criminal offense depend at all upon the amount of the appropriation. If the official fraudulently converts or appropriates $1,000, the crime is the same as though he fraudulently converts or appropriates $50,000. All that can be accomplished by the criminal prosecution is the statutory punishment for the offense, which cannot exceed a fine of $1,000, or imprisonment for ten years, or both. The conviction is conclusive as to the fact of a fraudulent conversion and appropriation, but not as to the amount thereof, any more than a conviction of larceny is a conclusive adjudication that the larceny was committed at a day named or of the precise amount or value of the property charged to have been stolen. Those are incidental and minor facts, which may or may not be proved exactly as stated. All that is necessary to sustain the judgment before us is that there was a fraudulent conversion or appropriation of some amount of money in the possession of the official. For these reasons, the writ of error cannot be sustained.

The application for a certiorari is denied and the writ of error is

*Dismissed.*

Mr. Justice White concurred in the judgment.