UNITED STATES v. SMITH.

(District Court, E. D. Pennsylvania. November 14, 1914.)

No. 7.

**1. CRIMINAL LAW (§ 814*)—INSTRUCTIONS—PRESUMPTION AS TO CHARACTER.**

An instruction requested in a criminal case, that defendant was entitled to a presumption of good character, *held* properly refused, as directed to a fact not in issue; the jury being fully instructed as to the legal presumption of innocence of the crime charged.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1821, 1833, 1839, 1860, 1865, 1883, 1890, 1924, 1979–1985, 1987; Dec. Dig. § 814.*]

**2. CRIMINAL LAW (§ 921*)—EVIDENCE—ADMISSIONS BY DEFENDANT—PROOF AND EFFECT.**

Admission in evidence of a statement by defendant: "I am in it pretty badly. Don't be hard on me. I don't want to go to jail again"—testified to by a witness, when asked, without objection, to state what defendant said when arrested, *held* not ground for new trial, where the jury was cautioned not to be influenced thereby.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2206–2209; Dec. Dig. § 921.*]

Criminal prosecution by the United States against Robert Smith. On motion in arrest of judgment and for a new trial. Denied.

Robert J. Sterrett, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa.

Walter C. Douglas, Jr., of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. [1] The leverage of this motion is upon the refusal of the court to affirm the defendant's point as written. This point was:

"Seventh. The defendant is entitled to a presumption of good character."

Presumptions are either of law or fact. If the point means the former, then what it means is the presumption, not of good character, but of innocence. This proposition was affirmed, and the jury was instructed to give the defendant the full benefit of this presumption. There is not, nor could be, any complaint on this score. If the presumption meant is one of fact, then the proposition involves this logical absurdity: The issue in criminal cases is one of guilt or innocence of the offense charged. Good character is a defense. The evidence of the prosecution which points to guilt is met with testimony as evidence of good character which points to innocence. The defense of good character may be introduced, or not, at defendant's election. It should be permissible to overcome any presumption of fact which is not conclusive with contravening proofs. If, therefore, good character is presumed as a fact, the fact gets in issue and is open to contradiction.

This brings us face to face with a dilemma. If the presumption can be overcome by proofs, evidence of bad character can be introduced, without the defendant having put his character in issue. If

the presumption must stand unchallenged, then theoretically a defendant of a character so bad that he dare not put it in issue stands higher than the one who offers evidence of good character, and as high as one who proves good character. A like practical dilemma discovers itself. The trial judge, in a proper case, should certainly be free to make clear to the jury the distinction between good character, as proven, and the presumption of innocence, both of which alike inure to the benefit of the defendant. It would be a delicate undertaking to attempt to distinguish between good character proven and good character presumed as a fact, without presenting to the jury the suggestion that in the latter case good character had not been proven. The attempt would probably be futile.

On general principles, therefore, the point as written should not have been affirmed. The only answer of which it is susceptible would be that a defendant is presumed to be innocent, and, negatively stated, there is no presumption of bad character because of the absence of evidence of a good one. These considerations induced the refusal of the point. In a nutshell, the point was not answered, because directed to a fact not in issue.

At the argument for a new trial cases seemingly in conflict with the views expressed were cited. A careful scrutiny of the records in those cases show this conflict to be not real. This is made so clear by the case of Fields v. United States, 27 App. D. C. 433, 448, and 205 U. S. 292, 27 Sup. Ct. 543, 51 L. Ed. 807, that further comment is uncalled for.

The other objections are to the admission of evidence. With respect to the objection to preliminary questions leading up to sales, the objection was first based upon the proposition that the United States was confined to evidence of sales on the date laid in the indictment. As the day was laid under a videlicet, the objection was overruled, on the ground that the United States was not held to the day named, but could, without variance, prove an offense near that date but not later. Counsel for defendant assented to the soundness of this ruling, but based a subsequent objection upon the ground that evidence was being introduced of the commission of offenses different from the offense laid in the indictment. There was no basis for such an objection. The witness under interrogation was the customer to whom the sale of oleomargarine had been made. The questions asked were merely leading up to the sale. She was asked if she knew the defendant, and how she came to know him. Her reply was that she had bought butter of him and was a customer. One of the counts in the indictment charged him to have been a "dealer" in oleomargarine. It was admissible, therefore, to show him to have been a dealer. The admission was on this ground. We see in this no error.

Another complaint is based upon the answers to questions which went merely to the identity of the defendant. Witnesses were asked whether they knew him, how long they had known him, and in what business he was engaged when they knew him. The answer was that they knew him as a manufacturer of oleomargarine. There was no testimony, no suggestion even, and no thought on the part of any one, that

this testimony involved any charge of former criminality. We say no thought of this on the part of any one, because counsel for defendant did not object to it. The admission is not now urged as a reason for a new trial in itself, but as the foundation of the complaint that there was a conspiracy to prejudice the defendant by conveying information to the jury that he had been previously convicted.

[2] The next complaint is to statements made by defendant when caught redhanded. The statement was: "I am in it pretty badly. Don't be hard on me. I don't want to go to jail again."

This came in answer to a question as to what the defendant had said, to which no objection had been interposed. The answer was made the basis of a motion to withdraw a juror, and the exception is based upon the refusal of the court to grant the motion. In the opinion of the trial judge the incident was best dealt with by a warning to the jury not to be influenced by this feature of the testimony. It was made a feature of the charge. The defendant offered no evidence. This gave his counsel the close. How this incident of the trial should be best treated was a matter of judgment. It was treated by counsel in a tactful, impressive, and, as the court was satisfied, such a convincing way that no harm befell the defendant because of it. All that counsel said received the full sanction of the court, although, as was to be expected, counsel went further than the court of its own motion would have been justified in going.

We see no reason to interfere with the verdict, and the motion for a new trial is dismissed.