# UNITED STATES EX REL. ARANT *v.* LANE, SECRETARY OF THE INTERIOR.

## CERTIFICATE FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 44. Argued November 13, 14, 1917.—Decided December 10, 1917.

Judgments or decrees of the Court of Appeals of the District of Columbia are not made final by Judicial Code, § 250, in cases involving the interpretation and effect of acts of Congress which are general in character, or the general duties or powers of officers under the law of the United States, as distinguished from merely local authority.

By Judicial Code, § 251, the power of the Court of Appeals of the District of Columbia to certify questions to this court is confined to cases where the judgments or decrees of that court are made final by § 250.

This limitation being plain in the letter and spirit of the statute would not be overridden by the fact (if there were such) that this court · had overlooked it in former cases where it was not brought in question.

Certificate dismissed.  .

THE case is stated in the opinion.

*Mr. H. Prescott Gatley,* with whom *Mr. Samuel Maddox* and *Mr. J. H. Carnahan* were on the brief, for relator.

*Mr. Assistant Attorney General Warren,* with whom *The Solicitor General* was on the brief, for respondent.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Without competitive examination or certification under the Civil Service law in 1903 William F. Arant, the relator and appellant, was appointed by the Secretary of the Interior superintendent of a national park in Oregon. Fol-· lowing his refusal in 1913 to resign, when requested by the Secretary, he was summarily removed without speci-· fication of charges or hearing, and upon his refusal to vacate was ousted by the United States Marshal. Nearly two years afterwards this proceeding for mandamus to restore the relator to office was commenced. The return, referring to the act of Congress governing the Civil Service (Act of August 24, 1912, c. 389, 37 Stat. 555), especially challenged the assertion that the relator was within the provisions of that law inhibiting removal without charges and hearing and asserted that the right to appoint and remove from the office in question was ·excepted out of such provisions. A demurrer to the return as stating no defense was overruled and from the judgment dismissing the proceeding the case was taken to the Court of Appeals of the District, which, desiring to be

instructed as to its duty, after certifying the case as above stated, propounded two questions for our consideration: First, whether the relator was subject to be summarily removed without charges or hearing thereon; and second, if not, whether in consequence of the long delay he was barred by laches from the right to relief.

As the power of the court below to submit the questions for our solution is challenged, that subject requires first to be considered. The power must find its sanction in the following provision of § 251 of the Judicial Code: "It shall also be competent for said Court of Appeals, in any case in which its judgment or decree is made final under the section last preceding, at any time to certify to the Supreme Court of the United States any questions or propositions of law concerning which it desires the instruction of that court for their proper decision;" this being followed by a clause conferring authority on this court in such case either to answer the questions or to order up for review the whole case and dispose of it.

It is not open to controversy that the judgments or decrees of the court below are not made final by § 250 in cases involving the interpretation and effect of an act of Congress general in character or the general duty or power of an officer under the law of the United States as contradistinguished from merely local authority. *American Security & Trust Co.* v. *District of Columbia*, 224 U. S. 491; *McGowan* v. *Parish*, 228 U. S. 312; *United Surety Co.* v. *American Fruit Co.*, 238 U. S. 140; *Newman* v. *Frizzell*, 238 U. S. 537. This being true, it is apparent that as this case is of the character just stated, it was not one coming within the authority conferred to certify, which is confined to cases where the judgments or decrees of the court are made final under § 250. The unambiguous command of the text excludes the necessity for interpretation. But, if it be conceded for the sake of argument that there is necessity for interpretation, the

briefest consideration will reveal the coincidence between the animating spirit of the provision and the obvious result of its plain text. It is undoubted that the authority to certify conferred upon the Court of Appeals of the District by § 251 did not previously exist in that court in any case. The Circuit Courts of Appeals, however, had undoubtedly under the Act of 1891, a power to certify. (§ 6, 26 Stat. 828, c. 517.) But, while by the terms of that act such authority apparently extended to "every such subject within its appellate jurisdiction," it came to be settled that by limitations found in the text such power to certify was restricted to cases in which the judgments or decrees of the Circuit Courts of Appeals were final and therefore not susceptible of being of right otherwise reviewed in this court. *Columbus Watch Co.* v. *Robbins,* 148 U. S. 266, 268; *Bardes* v. *Hawarden First National Bank,* 175 U. S. 526, 527. Coming to provide concerning this situation the Judicial Code enlarged the power of a Circuit Court of Appeals by conferring authority to certify "any case within its appellate jurisdiction" (§ 239), but in giving power to certify for the first time to the Court of Appeals of the District expressly limited it to cases "in which its judgment or decree is made final" (§ 251). The expansion of authority conferred upon the Circuit Courts of Appeals at the same time that the restricted authority was conferred upon the Court of Appeals of the District makes manifest the legislative intent to give a greater power in the one case than in the other.

It is true that in *Bauer* v. *O'Donnell,* 229 U. S. 1, and *Equitable Surety Co.* v. *McMillan,* 234 U. S. 448, controversies were determined on certificates made and questions based thereon by the Court of Appeals of the District. But in both cases the judgment or decree of the court below if rendered would have been final within the purview of § 250 of the Judicial Code; the first, because it arose under the patent laws, and the second, because it

concerned an act of Congress of local application. Even, however, upon the assumption that the cases are susceptible of a different view, as no question was raised in either concerning the power to certify and the limitation to which it was subjected by the statute, the mere fact that the cases were entertained affords no ground for holding them as authoritative on the question before us and thereby causing the statute to embrace a power which it excluded by both its letter and spirit. *United States* v. *More*, 3 Cranch, 159, 172; *Louisville Trust Co.* v. *Knott*, 191 U. S. 225, 236.

As therefore there was no authority in the court below to certify and propound the questions, the certificate must be and it is

*Dismissed for want of jurisdiction.*