Stewaet, J.
Two questions are presented to us. The first question is whether the Court of Appeals *11 erred in overruling Corn’s motions to dismiss the appeals of the board, its members, the department, and the director from the judgments of the Court of Common Pleas.
The second question is whether the Court of Appeals erred in reversing the judgments of the Court of Common Pleas on the merits of the controversies before it.
In view of the conclusion at which we have arrived, we do not reach the second question.
Corn contends that the Administrative Procedure Act, Sections 154-61 to 154-74, inclusive, General Code, which governs the procedure in the present causes, does not confer a right of appeal upon the board, the department, or the director for a review of a judgment of the Court of Common Pleas reversing an order of the board, and that under such act the judgment of the Court of Common Pleas is final unless reversed upon appeal by the licensee or permitholder.
It is the general law of the land and is settled as the law of this state that, although one has an inherent and inalienable right to a fair and impartial hearing or trial with reference to any infringement of his natural, statutory, or constitutional rights, the right of appeal from the result of such trial is not an inherent or inalienable right but must be conferred by constitution or statute. City of Middletown v. City Commission of Middletown, 138 Ohio St., 596, 37 N. E. (2d), 609; Lindblom v. Board of Tax Appeals, 151 Ohio St., 250, 85 N. E. (2d), 376.
Since the Constitution of Ohio gives no right of appeal in causes such as the present ones, we must consider the pertinent parts of the Administrative Procedure Act, which are:
Section 154-62, General Code. “The following words when used in this act shall have the meanings respectively ascribed to them in this section:
“ ‘Agency’ means and includes, except as herein *12 after limited, any official, board or commission having authority to promulgate rules or make adjudications in the Bureau of Unemployment Compensation, the state Civil Service Commission, the Department of Industrial Relations, the Department of Liquor Control, the Department of Taxation, the Industrial Commission, the functions of any administrative or executive officer, department, division, bureau, board or commission of the government of the state of Ohio specifically made subject to the provisions of the Administrative Procedure Act, and the licensing functions of any administrative or executive officer, department, division, bureau, board or commission of the government of the state of Ohio having the authority or responsibility of issuing, suspending, revoking or cancelling licenses. This act shall not apply to the Public Utilities Commission, nor shall it apply to actions of the Superintendent of Banks, the Superintendent of Building and Loan Associations and the Superintendent of Insurance in the taking possession of, and rehabilitation or liquidation of, the business and property of banks, and building and loan associations, insurance companies, associations, reciprocal fraternal benefit societies and bond investment companies, nor to any action that may be taken by the Superintendent of Banks under the provisions of Sections 710-19, 710-88u and 710-107a of the General Code. This act shall not apply to actions of the Industrial Commission under the provisions of Sections 1465-37 to 1465-112, both inclusive, of the General Code, anything in this act to the contrary notwithstanding. This act shall not apply to actions of the Bureau of Unemployment Compensation except those relating to the adoption, amendment or rescission of rules, and those relating to the insurance [issuance], suspension, revocation or cancellation of licenses.
C t # * #
“ ‘Adjudication’ means and includes the determina *13 tion by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits or legal relationships of a specified person or persons, but does not include the issuance of a license in response to an application with respect to which no question is raised nor other acts of a ministerial nature.
< Í # # #
“ ‘Person’ means and includes person, firm, corporation, association or partnership.
“ ‘Party’ means and includes the person or persons whose interests are the subject of an adjudication by an agency.
“ ‘Appeal’ means and includes the procedure by which a person aggrieved by a finding, decision, order or adjudication of any agency, invokes the jurisdiction of a court.”
Section 154-73. “Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination or denying the issuance or renewal of a license, registration of a licensee, or revoking or suspending a license, may appeal to the Common Pleas Court of the county in which the place of business of the licensee is located or the county in which the licensee is a resident from the order of said agency, provided, however, that appeals from decisions of the Board of Liquor Control shall be to the Court of Common Pleas of Franklin County only. If any such party is not a resident of and has no pláce of business in Ohio he may appeal to the Common Pleas Court of Franklin County.
“Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the Common Pleas Court of Franklin County.
“Nothing in this section shall apply to appeals from the Department of Taxation. Appeals from that agency shall be as otherwise provided by law.
*14 “Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency’s order as herein provided.
“The filing of a notice of appeal shall not automatically operate as a suspension of the order of an agency. However, if it appears to the court that an unusual hardship to the appellant will result from the execution of the agency’s order pending determination of the appeal the court may grant a suspension and fix its terms and conditions.
“Within ten days, or within such period as may be authorized by law, after receipt of notice of appeal from an order in any case wherein a hearing is required by this act the agency shall prepare and certify to the court a complete record of the proceedings in said case. Such record shall be prepared and transcribed and the expense thereof shall be taxed as a part of the costs of the appeal. The appellant must provide security for costs satisfactory to the Court of Common Pleas. Upon demand by any interested party the agency shall furnish at the cost of the party requesting same a copy of the stenographic report of testimony offered and evidence submitted at any hearing and copy of complete record.
“Unless otherwise provided by law, in the hearing of the appeal the court shall be confined to the record as certified to it by the agency, provided, however, unless otherwise provided by law the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency.
*15 “The court shall conduct a hearing on such appeal and shall give preference to all proceedings under this act over all other civil cases, irrespective of the position of any such proceedings on the calendar of the court. The hearing in the Court of Common Pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the statutes or other law applicable to such action. At such hearing counsel may be heard on oral argument, briefs may be submitted, and evidence introduced if the court has granted a request for the presentation of additional evidence.
“Unless otherwise provided by law, the court may affirm, reverse, vacate or modify the order of the agency complained of in the appeal and its order shall be final and conclusive unless reversed, vacated or modified on appeal.
“The court shall certify its judgment to such agency or take such other action in connection therewith as may be required to give its judgment effect. ’ ’
The procedure in the present causes is governed by the above sections, which were in effect prior to the amendment of Section 154-73, effective August 28, 1951 (124 Ohio Laws, 262).
In construing those sections, it is pertinent to refer to the case of State, ex rel. Zugravu, v. O’Brien, 130 Ohio St., 23, 196 N. E., 664, which was decided at a time when, under the statutes, the action of the Board of Liquor Control was final and there was no right of appeal therefrom to a court. The action was one in mandamus seeking to compel the Board of Liquor Control to reverse a revocation of certain liquor permits and to require the reinstating thereof. It was claimed that the act giving the board final authority, with no review of its actions in a court, was invalid and unconstitutional. This court held, however, in paragraph three of the syllabus:
“Where authority to revoke such a permit is con *16 ferred upon an executive or administrative officer by legislative enactment with right of appeal to an administrative board, and with provision therein for giving notice to permittee, and for adequate hearing and the summoning of witnesses both before such officer and reviewing board, but without provision for recourse to the courts by appeal or error, such legislation does not amount to a denial of due process of law under the state or federa] Constitution.”
From the definitions in Section 154-62, General Code, it is obvious that the term, “agency,” includes the Board of Liquor Control, the Department of Liquor Control, and the Director of Liquor Control. That section provides that “appeal” shall include proce-, dure whereby a person aggrieved by an adjudication of an agency invokes the jurisdiction of a court, and “party” is defined to include persons whose interests are subject to an adjudication by an agency. “Adjudication” is defined to include the determination by an agency of the rights, duties, and privileges of a person, and “person” means “person, firm, corporation, association or partnership.” Nowhere in the section does either the word, “party” or “person,” include an “agency.”
Section 154-73, General Code, provides the method by which a party adversely affected by an order of an agency may perfect an appeal to the Court of Common Pleas. In perfecting such appeal the only thing required is the filing of a notice of appeal with the agency and with the Court of Common Pleas. Upon such filing the agency is required to prepare and certify to the court a complete record of the proceedings in the cause. In the hearing on the appeal, the court is confined to the record as certified to it by the agency but may grant a request for the introduction of newly discovered evidence which could not with reasonable diligence have been ascertained prior to the hearing before the agency.
*17 As to the procedure for appeal, there is no provision for making any one a party other than the person accorded the. right, although that was done here. The fact that an agency is made a party to an appeal does not of itself confer upon the agency the right of appeal since jurisdiction can not be conferred by consent.
It is true that the Administrative Procedure Act provides that the hearing in the Court of Common Pleas shall proceed as in the trial of a civil action and the court shall determine the rights of the parties in accordance with the law applicable to such an action.
It is likewise provided that, “unless otherwise provided by law, the court may affirm, reverse, vacate or modify the order of the agency complained of in the appeal and its order shall be final and conclusive unless reversed, vacated or modified on appeal.”
These provisions are relied upon by appellees herein as strong indicia that the General Assembly intended them to have the right of appeal from the Court of Common Pleas, but we can see nothing in the language thereof which accords the right of appeal to others than the ones who are definitely given that right. Then, too, there are some agencies which have been given a right of appeal by statute, and the foregoing language with reference to appeal could well apply to them.
Thus it appears that the right of appeal from an adverse ruling of the board to the Court of Common Pleas is limited to those persons whose interests are subject to adjudication by the board, and it is likewise clear that such an appeal is in fact a review of the record of the agency.
The board, the department, and the director, being agencies, can not be considered persons aggrieved by a decision, giving them a right of appeal, any more than can a trial court be a party aggrieved, with a right of appeal, because of a reversal by the Court of Ap *18 peals. No one would claim that under the Appellate Procedure Act such a trial court could appeal to this court from such a reversal.
The fact that the General Assembly did. not intend to give a right of appeal to any of the agencies concerned in the present cases is buttressed by the further fact that it has specifically given that right to other agencies.
The General Assembly has specifically empowered the Administrator of the Bureau of Unemployment Compensation, where claims for benefits are involved, to appeal from the Board of Review of the Bureau of Unemployment Compensation to the Court of Common Pleas, and from the Court of Common Pleas to the Court of Appeals. Sections 1346-4- and 1345-1, General Code.
The Industrial Commission, in workmen’s compensation cases, is given express authority to appeal from an adverse judgment in the Court of Common Pleas to the Court of Appeals. Section 1465-90, General Code.
The Director of the Department of Highways, in proceedings to acquire land by condemnation for the elimination of grade crossings, may appeal to the Court of Appeals. Section 1182-13, General Code.
The State Bridge Commission and the bridge commission of any city or county are specifically granted the right to appeal from a judgment of the Probate Court or Court of Common Pleas in condemnation proceedings. Section 1084-9 (0), General Code.
The Tax Commissioner may prosecute an appeal to the Supreme Court from an adverse decision rendered by the Board of Tax Appeals, the reviewing agency within the Department of Taxation. Section 5611-2, General Code.
The various rights of appeal given to agencies by specific legislation would certainly indicate, as we have said, that it was not the intention of the General Assembly, in enacting the Administrative Procedure Act, *19 to give such right of appeal in the absence of specific legislation.
This court recently decided that “neither a township board of zoning appeals nor any of its members as such have a right to appeal from the judgment of a court, rendered on appeal from a decision of such board and reversing and vacating that order.” A. Di Cillo & Sons, Inc., v. Chester Zoning Board of Appeals, 158 Ohio St., 302, 109 N. E. (2d), 8.
In that case the zoning board of appeals made the argument that it was a proper appellant because it represented an aggrieved public in seeing that a reversed decision by the board be restored.
In the opinion Judge Taft did state that the board does represent the interest the public has in having appeals correctly heard and decided, but it does not follow that the board or any of its members, as such, may become partisans when one of its decisions is questioned on an appeal to a court. The opinion states that sufficient partisan representation of any interest of the public can be furnished, either by the administrative officers from whose decisions appeals to the board are authorized by statute or by “any person aggrieved or by any officer of the township * * * affected by any decision of the administrative officer.” However, in the opinion in the Di Cilio case there is no indication that an administrative officer has a right of appeal in the absence of a provision of the Constitution or statutes giving him one.
It is true that in the case of Farrand v. State Medical Board, 151 Ohio St., 222, 85 N. E. (2d), 113, there was an appeal by the medical board from an adverse judgment of the Court of Appeals to this court. However, the right of the board to appeal was not brought in issue by the pleadings, discussed in the briefs, or passed upon by the court, and, therefore, that case furnishes no precedent as to the question which is now squarely before us.
*20 As stated by Chief Justice Marshall in United States v. More, 3 Cranch, 159, 172, 2 L. Ed., 397, 401:
“No question was made in that case, as to the jurisdiction. It passed sub silentio, and the court does not consider itself as bound by that case.” See, also, United States, ex rel. Arant, v. Lane, Secy, of Interior, 245 U. S., 166, 170, 62 L. Ed., 223, 224, 225, 38 S. Ct., 94, 96.
Since the board, the department, and the director are agencies as defined by the Administrative Procedure Act, since agencies are not included in the definition, in such act, of either “person” or “party,” since the right of appeal is given by Section 154-73, General Code, only to a party adversely affected by an order of an agency, and since there is an absence of specific legislation conferring the right of appeal upon an agency, we are inexorably driven to the conclusion that the board, the department or the director does not have that right. If those agencies ought to have the right, the General Assembly, of course, has the authority to confer it. Whether that should be done is a legislative and not a judicial problem.
The Court of Appeals was in error in overruling Corn’s motions to dismiss the appeals from the Court of Common Pleas to the Court of Appeals, and the judgments of the Court of Appeals are, therefore, reversed and the causes are remanded to that court with direction to grant the motions to dismiss the appeals.

Judgments reversed.

Weygandt, C. J., Middleton, Taet, Matthias, Hart and Zimmerman, J J., concur.