BY THE PANEL:
Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Wayne Anderson has filed an application seeking an order authorizing the district court to consider a 28 U.S.C. § 2255 second or successive motion to vacate, set aside, or correct his federal sentence. The authorization may be granted only if this Court certifies that the second or successive application is based on a claim involving:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h). “The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.” Id. § 2244(b)(3)(C); see also Jordan v. Sec’y, Dep’t of Corr., 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court “make[s] only a prima facie decision” that the statutory criteria have been met, which is only a threshold determination).
In his application, Anderson seeks to raise one claim in a second or successive § 2255 motion, based on the new rale of constitutional law announced in Johnson v. United States, 576 U.S. -, 135 S.Ct. 2551, 2563, 192 L.Ed.2d 569 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. That new rule was made retroactively applicable in Welch v. United States, 578 U.S. -, 136 S.Ct. 1257, 1264-65, 194 L.Ed.2d 387 (2016), which means that federal prisoners who can make a prima facie showing that their sentences rested, at least in part, on the ACCA’s now-voided residual clause are entitled to file a second or successive § 2255 motion in the district court. See also 28 U.S.C. § 2255(h)(2). Anderson, however, does not contend that his sentence was enhanced under the ACCA. Instead, he claims that the district court improperly sentenced him, in 1995, as a career offender under the then-mandatory Sentencing Guidelines, using the residual clause of U.S.S.G. § 4B1.2(a)(2)'. He argues .that because the residual clauses in §4B1.2(a)(2) and the ACCA are “identical,” Johnson also invalidated the Guidelines clause. As a result, he claims that his sentence violated his right to due process.
*1292 Anderson’s argument is foreclosed by our post-Johnson decisions. In United States v. Matchett, 802 F.3d 1185, 1193-96 (11th Cir. 2015), we held that the vagueness doctrine, upon which the Supreme Court invalidated the ACCA’s residual clause in Johnson, did not apply to advisory Sentencing Guidelines. We explained that the vagueness doctrine applies both to statutes that define elements of crimes and to statutes fixing sentences, but noted that “the advisory guidelines do neither.” Id. at 1194. We then emphasized that, because the pre-Guidelines sentencing scheme that gave plenary discretion to sentencing judges did not violate the notice requirement of the Due Process Clause, advisory guidelines that merely “inform a sentencing judge’s discretion also cannot violate the notice requirement.” Id. at 1194-95. Finally, we explicitly rejected Matchett’s policy-based argument that allowing the identically worded residual clause in § 4B1.2(a)(2) to stand would upend the sentencing process by forcing sentencing courts to apply a clause that Johnson determined to lack precise meaning. Id. at 1195-96. We explained that
[ajlthough Johnson abrogated the previous decisions of the Supreme Court interpreting the residual clause of the Armed Career Criminal Act, sentencing courts interpreting the residual clause of the guidelines must still adhere to the reasoning of cases interpreting the nearly identical language in the Act. [Mateh-ett’s] policy concern is properly addressed to the United States Sentencing Commission....

Id.

We later held, in In re Griffin, No. 16-12012, 823 F.3d 1350, 1354-55, 2016 WL 3002293, at *4-5 (11th Cir. May 25, 2016), that an applicant seeking leave to raise a Johnson-based challenge to his career offender enhancement, which was imposed when the Sentencing Guidelines were mandatory, did not make a prima facie showing that his claim satisfied the criteria of § 2255(h)(2) because he was not sentenced under the ACCA or beyond the statutory maximum for his crime. In doing so, we concluded that “the logic and principles established in Matchett also govern ... when the Guidelines were mandatory.” Id. at 1354, 2016 WL 3002293 at *4. We reasoned that the Guidelines, whether advisory or mandatory, cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to limit and assist the sentencing judge’s discretion. Id. at 1354-56, 2016 WL 3002293 at *4-5.
Furthermore, we concluded in Griffin that even if Johnson applies to the Sentencing Guidelines and invalidated the residual clause in § 4B1.2(a)(2), the Supreme Court’s ruling in Welch did not “make[] Johnson retroactive for purposes of a second or successive § 2255 motion premised on the applicability of Johnson to a guidelines challenge.” Id. at 1355, 2016 WL 3002293 at *5. We reasoned that, while the “application of Johnson to the ACCA was a substantive change in the law because it altered the statutory range of permissible sentences,” a rule that extended Johnson to the residual clause of the career offender guideline would establish only that the guideline range had been incorrectly calculated within the statutory boundaries. Id. Thus, the extension of Johnson to a guidelines context would create changes only in “how the sentencing procedural process is to be conducted — changes that are not entitled to retroactive effect in cases on collateral review in a second or successive § 2255 motion.” Id.
As our dissenting colleague points out, the Supreme Court has granted certiorari in Beckles v. United States, No. 15-8544, - U.S. -, 136 S.Ct. 2510, — L.Ed.2d -, 2016 WL 1029080 (U.S. June 27, 2016), a case that presents the question of *1293 whether the residual clause in § 4B1.2(a)(2) of the Sentencing Guidelines is unconstitutionally vague. We agree that if the Supreme Court holds in Beckles, which is a § 2255 case, that the § 4B1.2(a)(2) residual clause is unconstitutional, that decision will establish “a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.” 28 U.S.C. § 2255(h)(2). If that happens, Anderson will be able to file a new application seeking certification to file a second or successive §2255 motion based not on Johnson but on Beckles.
We do, however, disagree with our dissenting colleague’s statement that “ ‘denials of successive applications are without prejudice’ and so bur decision does not preclude [Anderson] from filing a new successive application in the future....’” Dissenting Op. at 1294-95 (quoting Griffin, 823 F.3d at 1356 n.4, 2016 WL 3002293, at *5 n.4). The Griffin decision does say that “denials of successive applications are without prejudice, and thus our decision does not preclude [an applicant] from filing a new successive application in the event of future Supreme Court constitutional rulings about the Sentencing Guidelines, subject to all statutes of limitations and tolling provisions.” Griffin, 823 F.3d at 1356 n.4, 2016 WL 3002293, at *5 n.4. But that statement is dicta. That application was Griffin’s first, so the Griffin panel’s statement about what would happen if he were to file a second or third one is not a holding and therefore not binding under the prior panel precedent rule. See Edwards v. Prime, Inc., 602 F.3d 1276, 1298 (11th Cir. 2010) (‘We have pointed out many times that regardless of what a court says in its opinion, the decision can hold nothing beyond the facts of that case.”). And, for the record, neither is what we say in this part of our order because this, too, is a first application case.
Contrary to the dicta in Griffin, denials of successive applications are with prejudice. They must be with prejudice because that is what § 2244 requires. See 28 U.S.C. § 2244(b)(1) (“A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.”) (emphasis added); id. § 2244(b)(3)(E) (“The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.”) (emphasis added); see also In re Baptiste, No. 16-13959, 828 F.3d 1337, 1339-40, 2016 WL 3752118, at *2 (11th Cir. July 13, 2016) (holding that § 2244(b)(1) bars an applicant from filing applications “seeking] leave to file a second or successive habeas motion based on a claim we rejected in a previous application seeking “such leave,” and that § 2244(b)(3)(E) “bar[s] us from ... permitting a prisoner to file what amounts to a motion for reconsideration under the guise of a separate and purportedly ‘new’ application when the new application is the same as the old one”). What this means for Anderson is that he cannot file another application raising the same Johnson claim that we have denied in this order unless and until the Supreme Court establishes in Beckles or some other future decision “a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,” 28 U.S.C. § 2255(h)(2), at which time he can file an application raising a claim based on that new rule decision. See id.
Our point is that the present denial of Anderson’s application is with prejudice unless and until Beckles or some future Supreme Court decision establishes a new rule of constitutional law that the residual clause contained in § 4B1.2(a)(2) is uncon *1294 stitutional. It is without prejudice to his filing another application if and when the Supreme Court issues such a decision in the future.
In light of our decisions in Matchett and Griffin, Anderson has failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255(h). His application for leave to file a second or successive motion is hereby DENIED.