[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 24, 2009
THOMAS K. KAHN
CLERK

No. 08-16771
Non-Argument Calendar

_____

D.C. Docket No. 07-00023-CR-001-WLS-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRAD BRADLEY BRADFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 24, 2009)

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

Brad Bradley Bradford pleaded guilty to possession with intent to distribute

cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). He now appeals his

conviction, arguing that the district court violated Federal Rule of Criminal Procedure 11 during his plea hearing and that the violations affected his substantial rights.[1]

Bradford did not object to either of the putative Rule 11 violations. When a defendant fails to object to a Rule 11 violation in the district court, we review for plain error. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). To establish plain error, the defendant must show there is error that is plain and affects the defendant's substantial rights. *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993). To demonstrate that a violation of Rule 11 affected the defendant's substantial rights, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004). Additionally, a court of appeals should not exercise its discretion to correct plain error unless the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Olano*, 507 U.S. at 732, 113 S. Ct. at 1776 (*quoting United States v. Young*, 470 U.S. 1, 15, 105 S. Ct. 1038, 1046 (1985)).

---

[1]The Government argues that Bradford waived his right to appeal because Bradford signed a plea agreement waiving his right to challenge his conviction or sentence on appeal. But, because Bradford's plea agreement waives only his right to challenge his sentence on appeal (R.1-34 at 4), and not his conviction, Bradford has not waived his right to challenge the voluntariness of his guilty plea. *See United States v. Steele*, 155 F. App'x 455, 456-57 (11th Cir. 2005) (unpublished opinion) (holding that plea agreement waiving right to appeal sentence did not waive right to challenge voluntariness of plea on appeal).

Bradford argues first that the district court violated Rule 11 when it failed to inform him of the term of his supervised release prior to the entry of his guilty plea. Federal Rule of Criminal Procedure 11(b)(1) states:

> Before the court accepts a plea of guilty . . . . [T]he court must inform the defendant of, and determine that the defendant understands, the following:
>
> * * *
>
> (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release . . . .

Bradford argues that this provision of Rule 11 was violated when the district court stated, before accepting Bradford's guilty plea, that Bradford's prison term "could be followed by three years of supervised release." (R.2-49 at 11.) Later in the plea colloquy the district court informed Bradford that his "period of confinement would be followed by a period of supervised release." (*Id.* at 24.) Bradford contends that he faced a mandatory three-year supervised release term, and the district court's failure to unambiguously inform him that he certainly would have three years of supervised release affected his substantial rights.

The district court's failure to unambiguously inform Bradford that the term of his mandatory supervised release would be three years did not affect Bradford's substantial rights. In *United States v. Bejarano*, we held that a district court's failure

3

to mention the length of a supervised release term did not affect the defendant's substantial rights. 249 F.3d 1304, 1306-07 (11th Cir. 2001). We reasoned that the defendant in *Bejarano* was told during the plea colloquy that he would be subject to a term of supervised release, and at sentencing he did not object to the PSI, which stated that his supervised release term would be five years. *Id.* at 1307. Similarly, Bradford was told his prison sentence "would be followed by a period of supervised release," (R.2-49 at 24) and, at his sentencing hearing, he did not object to his PSI, which stated that his supervised release would be three years, and his written plea agreement stated that his supervised release would be three years (R.1-34 at 2-3). Bradford was as well informed of the term of his supervised release as the defendant was in *Bejarano*, and accordingly, Bradford's substantial rights were not affected. Because Bradley's substantial rights were not affected, the district court's explanation of Bradford's supervised release term was not plain error.

Bradford next argues that the district court violated Rule 11 when it did not inform him prior to accepting his guilty plea that by pleading guilty, Bradford was waiving his right to have his pending suppression motion heard by the court. Rule 11 does not require a court to inform a defendant of the impact of his guilty plea on pending motions, however, and Bradford cites no authority for the proposition that it is otherwise required. Because no explanation of the impact of a guilty plea on a

4

pending suppression motion is necessary under Rule 11, the timing of the district court's explanation of Bradford's guilty plea on his suppression motion did not cause a violation of Rule 11. Because the district court did not violate Rule 11, Bradford has failed to show how the district court's treatment of the pending suppression motion during the plea colloquy satisfies the error requirement of plain error.

Because neither the district court's explanation of the supervised release term nor its explanation of the impact of the plea on the pending suppression motion were plain error, we affirm Bradford's conviction.

AFFIRMED.