[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14512-J
_____

IN RE: BRAD BRADLEY BRADFORD,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before TJOFLAT, HULL, and JULIE CARNES, Circuit Judges.

B Y   T H E   P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Brad Bradford has filed a counseled application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255.   Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357–58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In his counseled application, Bradford seeks to raise one claim in a second or successive § 2255 motion. He claims that the district court improperly sentenced him as a career offender under the advisory Sentencing Guidelines, using the residual clause of U.S.S.G. § 4B1.2(a)(2). Bradford asserts that his claim is based on a new rule of constitutional law, citing to *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), which has been made retroactively applicable to cases on collateral review. *See Welch v. United States,* 578 U.S. __, 136 S. Ct. 1257, 1265 (2016). He also cites to the Supreme Court's grant of certiorari in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016), a case that raises the issue of whether *Johnson* applies to the residual clause in the Sentencing Guidelines. In addition, Bradford also filed a motion requesting that this Court hold his application in abeyance pending the Supreme Court's decision in *Beckles*.

## I. BACKGROUND AND FIRST APPLICATION

Bradford is serving a 180-month sentence for possessing with intent to distribute cocaine. In 2008, the district court sentenced him as a § 4B1.1 career offender. The presentence investigation report, to which Bradford did not object, premised the enhancement on his prior Florida convictions for burglary (1991) and trafficking in cocaine (1995).

2

Bradford filed a direct appeal, but he challenged only his conviction, not his sentence. This Court affirmed his conviction in 2009.   *See United States v. Bradford*, 341 F. App'x 479 (11th Cir. 2009).   In 2010, Bradley filed his original § 2255 motion, in which he attacked his career offender designation.   The district court denied the § 2255 motion on the merits and Bradley did not appeal.

On June 3, 2016, Bradford filed an application seeking certification to file a successive § 2255 motion that would raise a *Johnson*-based challenge to his sentence.   On July 1, 2016, we denied the application because *Johnson* does not apply to the advisory Sentencing Guidelines. *See In re Bradford*, No. 16-13237 (11th Cir. July 1, 2016) (unpublished) (following binding precedent in *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015)).

## II. SECOND APPLICATION

As an initial matter, we deny *Bradford*'s counseled motion to hold this counseled application in abeyance due to the grant of *certiorari* in *Beckles*.   "[G]rants of certiorari do not themselves change the law," and "must not be used by courts" as a basis to grant relief that would otherwise be denied.   *See Schwab v. Sec'y, Dep't of Corr.*, 507 F.3d 1297, 1298–99, 1302 (11th Cir. 2007) (vacating a district court's order granting a stay of execution that was premised exclusively on a recent Supreme Court grant of *certiorari*).   A grant of *certiorari* in *Beckles* does not and cannot serve as a ground for granting an application to file a second or successive § 2255 motion.   We explicitly hold that the grant of *certiorari* in *Beckles* cannot serve and does not serve to establish a *prima facie* case under § 2255(h)(2).

In addition, Congress has imposed on the courts of appeal a statutory requirement and obligation to rule no later than 30 days after the filing of the application to file a second or

successive § 2255 motion.   *See* 28 U.S.C. §§ 2244(b)(3)(D), 2255(h); *In re Henry*, 757 F.3d

1151, 1157 n.9 (11th Cir. 2014).   Section 2244(b)(3)(D) states, "The court of appeals *shall* grant

or deny the authorization to file a second or successive application not later than 30 days after the

filing of the motion."   28 U.S.C. § 2244(b)(3)(D).   We must follow the unambiguous command

of Congress and therefore cannot hold such applications in abeyance based on the grant of

*certiorari* in *Beckles*.

We may also not consider Bradford's present *Johnson* claim for the simple reason that he

raised that claim in his first application for certification, and § 2244(b) bars us from considering

claims that were raised in prior applications.   As we held in *In re Baptiste*, __ F.3d __, No.

16-13959, 2016 WL 3752118, at *2 (11th Cir, July 13, 2016), § 2244(b)(1) bars an applicant from

filing applications "seek[ing] leave to file a second or successive habeas motion based on a claim

we rejected in a previous application seeking such leave," and § 2244(b)(3)(E) "bar[s] us from . . .

permitting a prisoner to file what amounts to a motion for reconsideration under the guise of a

separate and purportedly 'new' application when the new application is the same as the old one."

Some decisions from our Court following *Baptiste* as binding precedent have also included

special concurrences or dissents suggesting that *Baptiste* may have been wrongly decided.    The

central theme of these separate opinions is their contention that § 2244(b)(1)'s prohibition of a

repeat filing based on a claim previously rejected applies only to § 2254 petitions, not to § 2255

motions.   Further, as this argument goes, even if § 2244(b)(1) does apply to § 2255 motions, it

applies only to claims actually raised in a § 2255 motion in the district court, not claims repeatedly

raised in applications for certification by this Court to file a successive § 2255 motion.   *See In re*

*Anderson*, __ F.3d __, No. 16-14125, 2016 WL 3947746, at *4–5 (11th Cir. July 22, 2016); *see*

4

*also In re Clayton*, __ F.3d __, No. 16-14556, 2016 WL 3878156, at *9 (11th Cir. July 18, 2016).

Yet, as cogently and persuasively explained in *Baptiste*, the above argument fails on both counts.

*See Baptiste*, 2016 WL 3752118, at *2.

All we can add to that explanation is to point out that *Baptiste*'s holding that § 2244(b) bars

repetitious § 2255 motions is entirely consistent with the text of the habeas statute, which

expressly tells us to incorporate the certification provisions of § 2244 that are contained in

§ 2244(b).    *See* 28 U.S.C. § 2255(h) ("A second or successive motion *must be certified as*

*provided in section 2244* by a panel of the appropriate court of appeals . . . .") (emphasis added);

*see also id.* § 2244(b) (laying out the certification provisions in order to obtain permission to file a

second or successive § 2254 petition or § 2255 motion).

In fact, our pre-*Baptiste* published decisions have consistently reflected the principle that

§ 2255(h) incorporates the whole range of procedures and limitations set out in § 2244(b)(1),

(b)(3), and (b)(4).[1]    We have repeatedly held that § 2255(h) incorporates the requirement in

§ 2244(b)(3)(A) that an applicant must obtain authorization from this Court in order to file a

successive § 2255 motion.    *See, e.g.*, *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014);

*Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *United States v. Garcia*, 181 F.3d

1274, 1275 (11th Cir. 1999).    We have also held that § 2255(h) incorporates the requirement in

§ 2244(b)(3)(B) that a three-judge panel of the court must consider applications for such

---

[1] Despite the plain language of the incorporation provision in § 2255(h), it cannot incorporate § 2244(b)(2) because § 2255(h) and § 2244(b)(2) provide different requirements for the   *prima facie* case that an applicant must make to file a successive habeas petition or motion. The fact that § 2255(h) does not incorporate § 2244(b)(2) does not prevent it from incorporating every other part of § 2244(b).   *Cf. United States v. Chafin*, 808 F.3d 1263, 1271 (11th Cir. 2015) (concluding that a statute's use of the phrase "this section" meant the entire section at issue, not isolated provisions within that section).

5

certification. *In re Blackshire*, 98 F.3d 1293, 1293 (11th Cir. 1996). Likewise incorporated is § 2244(b)(3)(C), which requires the applicant to make a *prima facie* showing that the application satisfies the other requirements contained in § 2244(b). *In re Pinder*, __ F.3d __, No. 16-12084, 2016 WL 3081954, at *1 (11th Cir. June 1, 2016); *In re Starks*, 809 F.3d 1211, 1212 (11th Cir. 2016); *In re Morgan*, 713 F.3d 1365, 1366 (11th Cir. 2013); *In re Dean*, 375 F.3d 1287, 1288 (11th Cir. 2004). As to § 2244(b)(3)(D), we have repeatedly held that this Court must, when possible, comply with that sub-section's 30-day time limit. *In re Adams*, __ F.3d __, No. 16-12519, 2016 WL 3269704, at *3 (11th Cir. June 15, 2016); *In re Henry*, 757 F.3d 1151, 1157 n.9 (11th Cir. 2014). Further, in the context of applications to file successive § 2255 motions, we have adopted *Jordan*, 485 F.3d at 1358, which held that § 2244(b)(4) requires a district court to dismiss a claim that this Court has authorized him to file if that claim fails to satisfy the requirements of § 2244. *In re Davis*, Nos. 16-13779 & 16-14615, mem. op. at 5; *In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013).

Finally, this Court has repeatedly (and correctly) read § 2255(h) to incorporate the § 2244(b)(3)(E) bar on petitions for rehearing. *See, e.g.*, *In re McCall*, __ F.3d __, No. 16-12972, 2016 WL 3382006, at *2 (11th Cir. June 17, 2016) (noting in the concurrence that "when we deny an application [to file a second or successive § 2255 motion], that prisoner gets no further consideration of his sentence" because of § 2244(b)(3)(E)); *In re Saint Fleur*, __ F.3d ___, No. 16-12299, 2016 WL 3190539, at *6 (11th Cir. June 8, 2016) (same); *In re Starks*, 809 F.3d 1211, 1213 (11th Cir. 2016) (same).

*Baptiste* followed logically from all of these earlier decisions. Before this Court decided *Baptiste*, the only applicable provisions of § 2244(b) that we had not expressly held to be

6

incorporated by § 2255(h) were § 2244(b)(1), which, to repeat, requires dismissal of a claim made in a second or successive application that had previously been presented, and (b)(3)(E), which provides that the grant or denial by a court of appeals of authorization to file a second or successive application shall not be appealable or the subject of a petition for rehearing.[2]   There is no good reason why § 2255(h) should incorporate all of the procedures for certification contained in § 2244(b) except for the above two provisions.

Further, § 2244 does not just bar us from considering claims presented in prior applications for certification; it removes our jurisdiction to consider such claims.   For example, § 2244(b)(3)(A) requires a petitioner to seek and obtain authorization from the court of appeals to file a second or successive habeas petition in the district court.   The Supreme Court and this Court have held that § 2244(b)(3)(A) is jurisdictional.   Stated another way, when a petitioner fails to seek permission from the court of appeals to file a second or successive petition, the district court lacks jurisdiction to consider it.   *See Burton v. Stewart*, 549 U.S. 147, 152–57, 127 S. Ct. 793, 796–99 (2007) (per curiam) (holding that when a petitioner does not seek or obtain authorization from the appropriate court of appeals to file a second or successive habeas petition in the district court as required by § 2244(b)(3), the district court lacks jurisdiction to consider the petition); *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1336 (11th Cir. 2013) (noting that prisoners may not file second or successive habeas petitions "except when certified as provided in [§ 2244(b)(3)(A)] by a panel of the appropriate court of appeals" and stating that "[t]his bar on second or successive motions is jurisdictional") (quotation marks omitted); *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (holding that "the district court lacked subject matter

---

[2] Of course, as we've already said, § 2255(h) cannot and does not incorporate § 2244(b)(2).

7

jurisdiction to consider the successive petition" when the petitioner failed to apply to this Court for permission to file a successive habeas petition as required by § 2244(b)(3)(A)); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (holding that when the petitioner does not "first file an application with the appropriate court of appeals for an order authorizing the district court to consider" a second or successive habeas petition, as required by § 2244(b)(3)(A), "the district court lacks jurisdiction to consider [the] second or successive petition"); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) ("The district court lacked jurisdiction to consider [the petitioner's] claim because he had not applied to this court for permission to file a successive application [under § 2244(b)(3)(A)].").

Section 2244(b)(1), the provision at issue here, bars us from considering "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application." As our sister circuits have explained, § 2244(b)(1) is, like § 2244(b)(3)(A), a jurisdictional requirement. *See Adams v. Thaler*, 679 F.3d 312, 322–23 (5th Cir. 2012) (concluding that because the petitioner's second or successive habeas petition was "barred under 28 U.S.C. § 2244(b)(1)," "federal courts lack jurisdiction over th[e] petition"); *Freeman v. Chandler*, 645 F.3d 863, 867 (7th Cir. 2011) ("[W]here a [Federal Rule of Civil Procedure] 60(b) motion raises arguments forbidden by 28 U.S.C. § 2244(b)(1) or (b)(2), it will amount to an impermissible successive petition and the district court will lack jurisdiction."); *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (citing § 2244(b)(1) for the proposition that "[the Antiterrorism and Effective Death Penalty Act] denies federal courts the jurisdiction to adjudicate" a second or successive habeas petition that "seeks to present claims that have already been adjudicated in a previous petition").

8

Because § 2244(b)(1) is jurisdictional, we necessarily lack jurisdiction to hear a second or successive habeas petition premised exclusively on a claim that was presented in a prior application.   As we explained in *Baptiste*, § 2244(b)(1) "provides that a repetitious filing '*shall* be dismissed,'" and "[t]he word 'shall' does not convey discretion."   2016 WL 3752118 at *2 (quoting 28 U.S.C. § 2244(b)(1)).   Thus, "this Court does not have discretion to entertain [a petitioner's] repetitious filing even if we were inclined to do so."   *Id.* (quotation marks omitted). That is to say, we do not have *jurisdiction* to entertain a repetitious filing.

We recognize the possibility that, in some previous *Johnson* cases, a panel of this Court may have decided a second application raising the same previously-presented *Johnson* claim without expressly considering whether it had jurisdiction over the petitioner's application, or without even citing to or mentioning § 2244(b)(1)'s jurisdictional bar on doing so.   Such action conveys, at most, an implicit inference that the panel did not question its jurisdiction to consider the repetitious filing.   Such inferences or assumptions do not, however, bind us because when it comes to questions of jurisdiction, we are bound only by explicit holdings.   *See Fed. Election Comm'n v. NRA Political Victory Fund*, 513 U.S. 88, 97, 115 S. Ct. 537, 542 (1994) ("The jurisdiction of this Court was challenged in none of these [previous] actions, and therefore the question is an open one before us."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 n.4, 109 S. Ct. 2304, 2308 n.4 (1989) ("[T]his Court has never considered itself bound [by prior implicit jurisdictional holdings] when a subsequent case finally brings the jurisdictional issue before us."); *Hagans v. Lavine*, 415 U.S. 528, 533 n.5, 94 S. Ct. 1372, 1377 n.5 (1974) ("[W]hen questions of jurisdiction have been passed on in prior decisions sub silentio, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us."); *United*

9

*States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38, 73 S. Ct. 67, 69 (1952) ("Even as to our own judicial power or jurisdiction, this Court has followed the lead of Chief Justice Marshall who held that this Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio."); *United States ex rel. Arant v. Lane*, 245 U.S. 166, 170, 38 S. Ct. 94, 96 (1917) ("[A]s no [jurisdictional] question was raised in either [prior case] . . . , the mere fact that the cases were entertained affords no ground for holding them as authoritative on the [jurisdictional] question before us."); *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1168 (11th Cir. 2007) ("[O]ur [prior] opinion did not recognize any jurisdictional issue, much less explain why we had jurisdiction to decide the appeal.   The implication of our [prior] decision—that we have jurisdiction in this situation—does not bind us, because the prior precedent rule does not extend to implicit jurisdictional holdings.   We are free to decide the issue here, just as though there were no [prior] decision . . . .") (citations omitted); *Main Drug, Inc. v. Aetna U.S. Healthcare, Inc.*, 475 F.3d 1228, 1231 (11th Cir. 2007) ("[I]t is well-established circuit law that we are not bound by a prior decision's *sub silentio* treatment of a jurisdictional question.   There is, in other words, an exception to the prior panel precedent rule for implicit jurisdictional holdings.   If jurisdictional holdings are explicit they must be followed, not so if they are only implicit.") (quotation marks and citations omitted).

We acknowledge that our decision in *In re Griffin* did say, in a footnote, that "denials of successive applications are without prejudice, and thus our decision does not preclude [an applicant] from filing a new successive application in the event of future Supreme Court constitutional rulings about the Sentencing Guidelines, subject to all statutes of limitations and tolling provisions."   __ F.3d __, No. 16-12012, 2016 WL 3002293, at *5 n.4 (11th Cir. May 25,

10

2016).   In our *Anderson* decision, this Court recently explained why that statement in *Griffin* is

dicta, stating: "[t]hat application was Griffin's first, so the *Griffin* panel's statement about what

would happen if he were to file a second or third one is not a holding and therefore not binding

under the prior panel precedent rule."   *Anderson*, 2016 WL 3947746, at *2.   So, for that matter,

was *Anderson*'s explanation of why denials of applications for certification are with prejudice.

*See id.* ("And, for the record, . . . what we say in this part of our order [is also dicta] because this,

too, is a first application case.").   We now make that dicta a holding because this is a second

application to file a second or successive motion, not a first application, and we are dismissing it

on jurisdictional grounds.

Although we must dismiss Bradford's second application for lack of jurisdiction and deny

his motion to stay this second application pending a decision in *Beckles*, we believe it is important

to reiterate what *In re Anderson* said about *Beckles* and the subsequent opportunity to file a *Beckles*

claim.   *Anderson* said this:

> [T]he Supreme Court has granted certiorari in *Beckles v. United States*, No.
> 15-8544, 2016 WL 1029080 (U.S. June 27, 2016), a case that presents the
> question whether the residual clause in § 4B1.2(a)(2) of the Sentencing
> Guidelines is unconstitutionally vague.   We agree that if the Supreme Court
> holds in *Beckles*, which is a § 2255 case, that the § 4B1.2(a)(2) residual clause is
> unconstitutional, that decision will establish "a new rule of constitutional law,
> made retroactive to cases on collateral review by the Supreme Court, that was
> previously unavailable."   28 U.S.C. § 2255(h)(2).   If that happens, Anderson
> will be able to file a new application seeking certification to file a second or
> successive § 2255 motion based not on *Johnson* but on *Beckles*.

*Id.*   But the grant of *certiorari* in *Beckles* does not constitute a ground to grant or hold in abeyance

this second *Johnson* claim.

Based on *In re Anderson*, the earlier denial of Bradford's application under existing

Supreme Court law was with prejudice as to the *Johnson* claim, but it was "without prejudice to his

11

filing another application" if the Supreme Court issues a decision in the future declaring the § 4B1.2(a)(2) residual clause to be unconstitutional.  *Id.* at *3.  <u>If the Supreme Court decides in *Beckles*, or some other decision, that the residual clause of § 4B1.2(a)(2) of the career offender provisions of the guidelines is unconstitutional, Bradford will have a new claim under § 2255(h)(2) for which he can then file an application to file a second or successive § 2255 motion.</u>[3]  <u>It will not be a *Johnson/Welch* claim, but a *Beckles* claim.</u>  *Id.*

Accordingly, Bradford's application for leave to file a second or successive motion to vacate is hereby DISMISSED for lack of jurisdiction, and his motion to hold the application in abeyance is DENIED.

---

[3] In addition to determining whether the Guidelines' residual clause is unconstitutional, the Supreme Court will answer "[w]hether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)."  *See Beckles*, No. 15-8544, 2016 WL 1029080 (quoting the Supreme Court's "questions presented," *available at* https://www.supremecourt.gov/qp/15-08544qp.pdf).