**Richard Anthony MANDILE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Case No. 2:16-cv-14253-KMM**

United States District Court, S.D. Florida.

Signed July 27, 2016

Entered July 28, 2016

Vanessa Chen, Federal Public Defender, Miami, FL, for Petitioner.

Diana Margarita Acosta, United States Attorney's Office, Fort Pierce, FL, Noticing 2255 US Attorney, for Respondent.

## ORDER

### K. MICHAEL MOORE, CHIEF UNITED STATES DISTRICT JUDGE

THIS CAUSE came before the Court upon Petitioner Richard Anthony Mandile's Motion to Reopen Case. *See* (ECF No. 6). For the reasons that follow, the Motion is DENIED.

### I. BACKGROUND

On June 24, 2016, Assistant Federal Public Defender ("AFPD") Vanessa L. Chen filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on behalf of Petitioner Richard Anthony Mandile ("Petitioner" or "Mandile"). *See* (ECF No. 1). On June 27, 2016, the Court dismissed Petitioner's Motion for lack of jurisdiction as the Eleventh Circuit had not authorized Mandile to file a second or successive motion to vacate. *See* (ECF No. 4). On June 30, 2016, the Eleventh Circuit Court of Appeals issued an order in case number 16-13094-J denying Petitioner's application for leave to file a second or successive motion. *See* (ECF No. 5). Shortly thereafter, AFPD Chen filed the instant motion seeking to have the Court administratively re-open the case, hold in abeyance Mandile's § 2255 motion pending the Supreme Court's resolution of *Beckles v. United States*, —— U.S. ——, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016), and administratively close the case. The Court now turns to the merits of Petitioner's motion.

### II. DISCUSSION

In *Beckles*, the Supreme Court will rule on two issues that are pertinent to the merits of Mandile's second or successive motion to vacate: "(1) [w]hether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2); and (2) [w]hether *Johnson*'s constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review." Petition for Writ of Certiorari, *Beckles*, 136 S.Ct. 2510).

However, because this Court does not have jurisdiction to hear Mandile's claim, it is without authority to enter a stay of the proceedings. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it."). The requirement that prisoners obtain authorization from the circuit court before filing a second or successive petition in the district court is jurisdictional, not aspirational. *Burton v. Stewart*, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (per curiam) (holding that "under AEDPA, [Defendant] was required to receive authorization from the Court of

Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it"); *In re Bradford*, No. 16–14512–J, 830 F.3d 1273, 1277, 2016 WL 4010437, at *4 (11th Cir. July 27, 2016) ("[W]hen a petitioner fails to seek permission from the court of appeals to file a second or successive petition, the district court lacks jurisdiction to consider it."); *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1339 (11th Cir.2013) ("This bar on second or successive motions is jurisdictional.").

After all, federal courts "are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Article III of the Constitution expressly limits federal courts' jurisdiction to "Cases" and "Controversies." U.S. Const. Art. III, § 2; *see also Susan B. Anthony List v. Driehaus*, —— U.S. ——, 134 S.Ct. 2334, 2341, 189 L.Ed.2d 246 (2014). Thus, federal courts may not "decide questions that cannot affect the rights of litigants in the case before them" or give "opinion[s] advising what the law would be upon a hypothetical state of facts." *Chafin v. Chafin*, —— U.S. ——, 133 S.Ct. 1017, 1023, 185 L.Ed.2d 1 (2013) (internal citation and quotation marks omitted). Yet, this is precisely the relief Petitioner seeks in asking the Court to stay an action over which it has no jurisdiction.

Moreover, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") gatekeeping mechanism greatly restricts the power of federal courts to award relief to prisoners who file second or successive habeas petitions. *See* 28 U.S.C. § 2244(b)(3)(A) ("*Before* a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.") (emphasis added). Under this statutory regime, Petitioner was required to ask the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider his second or successive petition. The plain language of the statute does not provide for "placeholder petitions" and the Eleventh Circuit's denial of Petitioner's application (ECF No. 5) only confirms the Court's inability to grant Petitioner's motion.

## III. CONCLUSION

Contrary to popular belief, the grant of certiorari in *Beckles* is not a magic wand that, when waved, conjures up a jurisdictional basis for this Court to hold Petitioner's claim in abeyance pending resolution of *Beckles*. Time and time again, the Eleventh Circuit has instructed lower courts to ignore the implications of a grant of certiorari, no matter the social ramifications of the Supreme Court's potential decision. *See In re Bradford*, No. 16–14512–J, 830 F.3d at 1275, 2016 WL 4010437, at *2 ("[G]rants of certiorari do not themselves change the law.") (quotation omitted); *Gissendaner v. Comm'r, Georgia Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir.2015) ("Our decision in *Schwab* is the latest in a long line of cases refusing to assign precedential significance to grants of certiorari.").

The growing concern that habeas petitioners may forever be denied relief under *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), is a meritless prognostication. *See In re Bradford*, 830 F.3d at 1279, 2016 WL 4010437, at *6 ("If the Supreme Court decides in *Beckles*, or some other decision, that the residual clause of § 4B1.2(a)(2) of the career offender provisions of the guidelines is unconstitutional, [petitioners] will have a new claim under § 2255(h)(2) for which

[they] can then file an application to file a second or successive § 2255 motion. It will not be a *Johnson/Welch* claim, but a *Beckles* claim.") (emphasis omitted).

The Court's authority to adjudicate a matter is tempered by approximately 225 years of precedent and the United States Constitution that governs our jurisprudential system. The Court cannot engage in judicial activism and eschew the mandates it must follow. Even Perrault's fairy godmothers' powers were not boundless.[1] Petitioner's Motion (ECF No. 6) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of July, 2016.

---

1. Charles Perrault, *Histoires ou Contes du Temps Passé* (1697).