[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10093
Non-Argument Calendar

_____

D.C. Docket Nos. 1:18-cv-22697-CMA; 1:95-cr-00481-CMA-8

LUIS H. CANO,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 12, 2019)

Before MARTIN, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Luis Cano, a federal prisoner proceeding pro se, appeals the district court's dismissal of his motion to set aside his judgment under Federal Rule of Civil Procedure 60(d)(3). After careful consideration, we affirm. Cano's Rule 60(d)(3) motion was in fact a second or successive habeas petition under 28 U.S.C. § 2255, and he did not receive permission from this Court before filing it. Therefore, the district court correctly determined it was without jurisdiction over Cano's motion.

## I.

In 1997, a federal grand jury indicted Cano with 76 counts of drug trafficking and money laundering offenses. After a jury trial, Cano was convicted of 69 counts and sentenced to 13 concurrent life sentences, and 56 concurrent sentences of 240-months imprisonment.[1] In 2004, Cano filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the Southern District of Florida, which was denied. In 2017, he sought a writ of habeas corpus under 28 U.S.C. § 2241 in the Southern District of Indiana, which was dismissed.

In July 2018, Cano filed a motion to vacate his judgment under Rule 60(d)(3) in the Southern District of Florida, alleging (1) the federal agents and government attorneys involved with his trial perpetrated a fraud on the court; (2) the trial judge ratified this fraud, improperly instructed the jury, and impermissibly

---

[1] On direct appeal, this Court vacated one of the counts carrying a life sentence, thus reducing Cano's 13 concurrent life sentences to 12. See United States v. Cano, 289 F.3d 1354, 1366–67 & n.28 (11th Cir. 2002).

2

imposed a forfeiture judgment; (3) district judges who denied him post-conviction relief perpetuated the fraud; and (4) a warden misrepresented the record during his habeas proceedings in the Southern District of Indiana.

The district court found that Cano's Rule 60(d)(3) motion attacked his conviction and sentence on the merits, and thus construed it as a second or successive petition under 28 U.S.C. § 2255.  Because Cano previously filed a § 2255 motion, and did not seek leave from this Court to file a second or successive petition, the district court held it was without jurisdiction and dismissed Cano's Rule 60(d)(3) motion.  Cano appealed the district court's dismissal.[2]

## II.

We review <u>de novo</u> whether a district court had subject matter jurisdiction to consider a Rule 60 motion.  <u>Williams v. Chatman</u>, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam).

Rule 60(d)(3) allows a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).  A proper Rule 60(d)(3) motion is one that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the <u>federal habeas proceedings</u>."  <u>Gonzalez v. Crosby</u>, 545

---

[2] Cano's notice of appeal also referenced a district court order dated November 30, 2018, denying both a motion to recuse and a motion to alter or amend judgment.  Because Cano does not address this order in his briefs, he has abandoned the issue on appeal.  <u>Timson v. Sampson</u>, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

3

U.S. 524, 532, 125 S. Ct. 2641, 2648 (2005) (emphasis added). On the other hand, a motion that attacks a "federal court's previous resolution of a claim <u>on the merits</u>," or which "seeks to add a new ground for relief" does not constitute a proper Rule 60(d)(3) motion, but rather a habeas petition under 28 U.S.C. § 2255. <u>Id.</u> An inmate who has already filed a § 2255 petition must "move this Court for an order authorizing the district court to consider" a second or successive petition. <u>Williams</u>, 510 F.3d at 1295. Absent authorization from this Court, the district court lacks jurisdiction. <u>In re Bradford</u>, 830 F.3d 1273, 1277 (11th Cir. 2016) (per curiam).

Cano's motion is properly construed as a successive petition under § 2255. It primarily attacks the merits of his underlying conviction and sentence by alleging fraud by those involved in his trial. And while he contends this fraud tainted subsequent post-trial proceedings, his specific allegations of misconduct occurred prior to his conviction and relate only to the integrity of his trial court proceedings.[3] Because Cano's motion alleges defects in his underlying conviction

---

[3] In his initial motion, Cano made passing reference to a warden "misrepresenting the factual records of the United States of America" in his Southern District of Indiana habeas proceedings. Because Cano has not addressed this argument in either of his briefs, he has abandoned it. <u>See</u> <u>Timson</u>, 518 F.3d at 874. Beyond that, this allegation is precisely the type of "[c]onclusory averment[] of the existence of fraud" that is insufficient to support a Rule 60(d)(3) motion. <u>Booker v. Dugger</u>, 825 F.2d 281, 283–84 (11th Cir. 1987) (quotation marks omitted).

4

rather than his federal habeas proceedings, the district court correctly treated it as a successive § 2255 petition.

Cano has already filed a § 2255 petition.  Thus, his failure to petition this Court for an order authorizing a second or successive habeas petition left the district court without jurisdiction to consider his motion.  Bradford, 830 F.3d at 1277.

**AFFIRMED.**