[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10873

_____

D.C. Docket No. 2:16-cv-01758-LSC

NATHANIEL WOODS,

Plaintiff-Appellant,

versus

WARDEN, HOLMAN CORRECTIONAL FACILITY,
ATTORNEY GENERAL, STATE OF ALABAMA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 5, 2020)

Before ED CARNES, Chief Judge, WILLIAM PRYOR and ROSENBAUM,
Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

Nathaniel Woods was convicted and sentenced to death in 2005 for

intentionally killing three on-duty police officers. On January 30, 2020, the Supreme Court of Alabama set the execution date for March 5, 2020—that is, this evening. Over a month later and on the day of execution, Woods asks this Court to authorize him to file a second or successive petition for a writ of habeas corpus in the district court and to stay his execution pending resolution of that petition. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2251(a). For the reasons discussed, we **DENY** both requests.

We will not recapitulate the lengthy background of this case that we already described in our opinion issued yesterday. *Woods v. Comm'r, Ala. Dep't of Corr.*, No. 20-10843, slip op. at 2–6 (11th Cir. Mar. 4, 2020). Instead, we will only observe that Woods filed his first habeas petition on October 27, 2016, which the district court denied. *Woods v. Holman*, No. 18-14690-P, 2019 WL 5866719, *1–2 (11th Cir. Feb. 22, 2019). We denied a certificate of appealability after concluding that "[r]easonable jurists could not debate the district court's resolution of any of the[] issues" Woods raised to us. *Id.* at *2. The Supreme Court denied his petition for a writ of certiorari on October 7, 2019.

The Antiterrorism and Effective Death Penalty Act of 1996 sets the rules governing second or successive petitions for writs of habeas corpus. 28 U.S.C. § 2244(b). Before filing a second or successive petition, Woods must "move in the appropriate court of appeals for an order authorizing the district court to consider

2

the application." *Id.* § 2244(b)(3)(A). We may authorize the filing "only if" we conclude that Woods has made "a prima facie showing" that his claim satisfies the requirements of section 2244(b). *Id.* § 2244(b)(3)(C). As relevant here, a "prima facie showing" requires Woods to establish the following: (1) that his claim was not presented in an earlier petition, *id.* § 2244(b)(1), and (2) that his claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.* § 2244(b)(2)(A).

We may issue a stay of execution "only if [Woods] establishes that (1) he has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the stay would not substantially harm the other litigant; *and* (4) if issued, the injunction would not be adverse to the public interest." *Price v. Comm'r, Ala. Dep't of Corr.*, 920 F.3d 1317, 1323 (11th Cir. 2019) (internal quotation marks omitted). A stay of execution is an equitable remedy that "is not available as a matter of right." *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

A state court judge sentenced Woods to death on the recommendation of ten of twelve jurors. *Woods v. State*, 13 So. 3d 1, 5 (Ala. Crim. App. 2007). Woods now claims that this sentence *may* violate his Sixth Amendment right to a unanimous recommendation of death depending on how the Supreme Court rules in *Ramos v. Louisiana*, No. 18-5924. *See* U.S. Const. amend. VI. Woods contends

3

that the Supreme Court may overturn controlling Supreme Court precedent holding the Sixth Amendment does not require unanimous *guilty* verdicts in state court trials, that decision would necessarily be retroactive, and that decision could later be *extended* to require unanimous death recommendations. We are unpersuaded.

As relevant here, section 2244(b) allows us to authorize the filing of a second petition only when the Supreme Court recognizes a "new rule of constitutional law" and that new rule has been "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2244(b)(2)(A). The Supreme Court has not yet ruled on the question presented in *Ramos*, and we cannot predict how it will rule or whether the ruling will necessarily be "retroactive." *See Clinton v. Jones*, 520 U.S. 681, 689 (1997) (decision to grant certiorari petition "expresse[s] no judgment concerning the merits of the case"); *In re Bradford*, 830 F.3d 1273, 1275 (11th Cir. 2016) ("We explicitly hold that the grant of *certiorari* . . . cannot serve and does not serve to establish a *prima facie* case under § 2255(h)(2)."). In short, there is no Supreme Court decision before us to review and evaluate in the light of section 2244. So, we "explicitly hold that the grant of *certiorari* in [*Ramos*] cannot serve and does not serve to establish a *prima facie* case under" section 2244(b)(2)(A). *In re Bradford*, 830 F.3d at 1275.

A decision in *Ramos* would not apply to Woods's circumstances in any event. The question presented in *Ramos* is "[w]hether the Fourteenth Amendment

4

fully incorporates the Sixth Amendment guarantee of a unanimous jury *verdict* to

*convict*." Brief for Petitioner at i, *Ramos v. Louisiana*, No. 18-5924 (U.S. June 11,

2019) (emphases added). No matter how the Supreme Court decides that question,

it will not decide whether the Sixth Amendment guarantees a unanimous

*recommendation* of death. A decision in *Ramos* would offer no relief to Woods. He

is not entitled to an order authorizing the district court to consider a second or

successive petition.

For similar reasons, we must also deny his stay application. Binding

precedent bars us from issuing a stay of execution solely on the basis that the

Supreme Court has granted certiorari in another appeal. *See Bradford*, 830 F.3d at

1275 (refusing to hold a second or successive application in abeyance pending the

Supreme Court's decision in *Beckles* because grants of certiorari do not change the

law and cannot be used "to grant relief that would otherwise be denied");

*Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1283–84 (11th Cir.

2015) (refusing to grant a stay of execution because our Court has long held that

grants of certiorari have no precedential value). We are bound by that precedent.

In any event, a substantial likelihood of success on the merits must be

established before a stay may issue, and we have concluded that Woods *cannot*

succeed on his section 2244(b) application. *Price*, 920 F.3d at 1323. And, as we

stressed in yesterday's order, "[e]quity weighs heavily against granting the motion

because of its untimeliness." *Woods*, slip op. at 7. The Supreme Court granted certiorari in *Ramos* on March 18, 2019, and heard argument in that case on October 7, 2019. Yet Woods inexplicably waited almost one year after the grant, months after the argument, more than a month after his execution was set, and until the *day* of his scheduled execution to seek authorization for a second or successive petition and to ask for a stay. The equities strongly disfavor such abusive tactics. *See Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019) ("Last-minute stays should be the extreme exception, not the norm, and the last-minute nature of an application that could have been brought earlier, or an applicant's attempt at manipulation, may be grounds for denial of a stay." (internal quotation marks omitted)).

We **DENY** Woods's application for authorization to file a second or successive petition for habeas corpus and **DENY** his motion for stay of execution.

6