[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10405

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GENARO SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20441-CMA-1

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Genaro Sanchez appeals his conviction under the Maritime Drug Law Enforcement Act ("MDLEA") for conspiracy to possess with intent to distribute cocaine aboard a vessel subject to United States jurisdiction. He challenges the district court's jurisdiction over his case, arguing that: (1) the government lacked authority to prosecute him for a felony committed on the high seas under the MDLEA, as his conduct took place in Colombia's exclusive economic zone ("EEZ"), and EEZs are excluded from the high seas under contemporary international law; (2) the MDLEA is unconstitutional—both facially and as applied to his circumstances—because it grants the United States jurisdiction based on a definition of "vessel without nationality" that includes vessels that are not stateless under international law; and (3) his right to due process was violated because the MDLEA lacks a nexus to the United States. The government moves for summary affirmance, arguing that binding authority forecloses Sanchez's claims. In response, Sanchez asserts that the government's motion is premature in light of a pending motion for rehearing and petition for certiorari in two dispositive cases.

## I.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy

issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the out-come of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).

When a motion to dismiss the indictment is based on subject matter jurisdictional grounds, we review the district court's denial *de novo*. *United States v. Alfonso*, 104 F.4th 815, 827 (11th Cir. 2024). "Likewise, we review *de novo* a district court's interpretation of a statute and whether a statute is constitutional." *Id.* (quotation marks omitted, alteration adopted).

The MDLEA makes it a crime to "knowingly or intentionally . . . possess with intent to manufacture or distribute, a controlled substance" on board "a [covered] vessel subject to the jurisdiction of the United States," and to conspire to do the same. 46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b). The statute defines a "vessel subject to the jurisdiction of the United States" as including "a vessel without nationality." *Id.* § 70502(c)(1)(A). A "vessel without nationality" is defined to include "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id.* § 70502(d)(1)(C). The MDLEA "applies even though the act is committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b).

Under Article I, Section 8, Clause 10 of the Constitution, Congress has "three distinct grants of power: (1) the power to define and punish piracies, (the Piracies Clause); (2) the power to define and punish felonies committed on the high Seas, (the Felonies Clause); and (3) the power to define and punish offenses against the law of nations (the Offences Clause)." *Alfonso*, 104 F.4th at 820 (quotation marks omitted, alteration adopted); U.S. Const. art. I, § 8, cl. 10.

In *Alfonso*, the defendants appealed their convictions under the MDLEA, when the United States Coast Guard seized a vessel in the Dominican Republic's EEZ, challenging the constitutionality of the MDLEA as applied to them under the Felonies Clause. 104 F.4th at 818-19. In response to their constitutional challenges, we noted that "[w]e repeatedly have upheld the MDLEA as a valid exercise of Congress's power to define and punish . . . Felonies on the high Seas." *Id.* at 820 (quotation marks omitted, second alteration in original). We also held that "international law does not limit the Felonies Clause." *Id.* at 826. We further held that a nation's EEZ is "part of the 'high seas' for purposes of the Felonies Clause in Article I of the Constitution," and thus, "enforcement of the MDLEA in EEZs is proper." *Id.* at 823, 827. The appellants in *Alfonso* filed a petition for a writ of certiorari that remains pending with the Supreme Court. No. 24-6177 (U.S. Dec. 19, 2024).

We affirmed *Alfonso*'s holding in *United States v. Canario-Vilomar*, 128 F.4th 1374, 1381-82 (11th Cir. 2025). There, two appellants—one seized in a vessel 37 nautical miles north of Panama, the

other seized in a vessel 145 nautical miles north of Colombia—challenged the district court's jurisdiction, arguing, as relevant here, that the MDLEA exceeds Congress's authority under the Felonies Clause of the Constitution, and that one appellant's arrest did not occur on the high seas because he was arrested in Colombia's EEZ. *Canario-Vilomar*, 128 F.4th at 1376-77, 1378. Relying on *Alfonso*, we similarly concluded that Congress was not constrained by international law in crafting the MDLEA. *Id.* at 1381 ("[W]e reject Lemus and Canario-Vilomar's contention that Congress was constrained by international law in crafting its definition of a stateless vessel or in defining the boundaries of the high seas."). Again relying on *Alfonso*, we rejected an appellant's argument "that Congress could not reach him merely because he chose to traffic drugs in Colombia's EEZ rather than farther out into the open ocean." *Id.* at 1382.

"Under our prior-panel-precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc.*" *Id.* at 1381 (quotation marks omitted, alteration adopted). "[W]e have categorically rejected an overlooked reason or argument exception to the prior-panel precedent rule." *Id.* (quotation marks omitted).

"Grants of certiorari do not themselves change the law, and must not be used by courts as a basis to grant relief that would otherwise be denied." *In re Bradford*, 830 F.3d 1273, 1275 (11th Cir. 2016) (habeas context) (quotation marks omitted, alteration adopted). Accordingly, "[u]ntil the Supreme Court issues a decision

that actually changes the law, we are duty-bound to apply this Court's precedent." *Gissendaner v. Comm'r, Georgia Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) (addressing dismissal of a claim under 42 U.S.C. § 1983).

Here, the government is clearly correct, as a matter of law, that: (1) Sanchez's arguments as to this issue are foreclosed by our holding in *Alfonso*, which we reaffirmed in *Canario-Vilomar*, that EEZs are part of the high seas and enforcement of the MDLEA in EEZs is proper; and (2) to the extent that Sanchez raises arguments not previously considered in those cases, there is no overlooked reason or argument exception to the prior-panel precedent rule. Sanchez asserts that the government's motion is premature, but the *grant* of certiorari does not form a basis for relief, and thus, it follows that the *possibility* of a grant of certiorari by the Supreme Court, nor the *possibility* of a grant of rehearing as to Circuit authority, would justify our denial of the government's motion for summary affirmance. Accordingly, summary affirmance is proper as to this issue.

## II.

In *Canario-Vilomar*, we rejected the appellants' argument "that the MDLEA's definition of a vessel without nationality—specifically, the inclusion of vessels for which a claimed nation can neither confirm nor deny registration—is ultra vires." 128 F.4th at 1381. Relying on *Alfonso*'s holding that the Felonies Clause is not limited by customary international law, we reasoned that "[i]t follows that international law cannot limit Congress's authority to

define 'stateless vessel' for purposes of the MDLEA," such that appellants' argument was foreclosed, even though *Alfonso* did not address this precise issue. *Id.* (citing *Alfonso*, 104 F.4th at 826).

Here, the government is clearly correct as a matter of law that Sanchez's argument as to this issue is foreclosed. In *Canario-Vilomar*, we held that international law does not limit Congress's authority to define what constitutes a stateless vessel without nationality for the purposes of the MDLEA, and further, we affirmed that Sanchez's instant argument is foreclosed. Accordingly, summary affirmance is proper as to this issue.

### III.

In *Canario-Vilomar*, an appellant asserted "that the MDLEA violates principles of due process because it allows the United States to assert jurisdiction over foreign nationals for conduct that bears no nexus with the United States," although the appellant acknowledged that we had previously rejected similar arguments. 128 F.4th at 1382. We agreed with the appellant that the argument was "plainly foreclosed by our binding precedent." *Id.* at 1382-83. In so holding, we emphasized that "we have explained repeatedly" that "the conduct proscribed by the MDLEA need not have a nexus to the United States because universal and protective principles support its extraterritorial reach." *Id.* at 1383 (quotation marks omitted, alteration adopted).

Here, the government's position—and Sanchez's own concession—is clearly right, as a matter of law, that his argument as to this issue is foreclosed by controlling authority holding that the

MDLEA need not have a nexus to the United States in light of universal and protective principles.

Accordingly, we grant the government's motion for summary affirmance.

**AFFIRMED.**