[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-10555

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FERNANDO MENDOZA DURAN,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20521-RKA-1

_____

2                           Opinion of the Court                        23-10555

Before BRANCH, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Fernando Mendoza Duran appeals his conviction under the Maritime Drug Law Enforcement Act ("MDLEA") for conspiracy to possess with intent to distribute cocaine aboard a vessel subject to United States jurisdiction. He challenges the district court's jurisdiction over his case, arguing that: (1) the MDLEA is facially unconstitutional because it grants the United States jurisdiction based on a definition of "vessel without nationality" that includes vessels that are not stateless under international law; and (2) the MDLEA is unconstitutional as applied because his conduct took place in the Dominican Republic's exclusive economic zone ("EEZ"), and EEZs are excluded from the high seas under customary international law. The government moves for summary affirmance, arguing that binding authority forecloses Duran's claims. In response, Duran asserts that the government's motion is premature because of a pending petition for certiorari before the United States Supreme Court in one of the dispositive cases.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where,

23-10555                Opinion of the Court                3

as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

When, as here, the defendant filed a motion to dismiss the indictment in the district court based on subject matter jurisdiction, we review the district court's denial *de novo*. *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024). "Likewise, we review *de novo* a district court's interpretation of a statute and whether a statute is constitutional." *Id.* (alteration adopted) (quotations omitted).

Under our prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

The MDLEA makes it a crime to "knowingly or intentionally . . . possess with intent to manufacture or distribute, a controlled substance" on board "a [covered] vessel subject to the jurisdiction of the United States," and to conspire to do the same. 46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b). The statute defines a "vessel subject to the jurisdiction of the United States" as including "a vessel without nationality." *Id.* § 70502(c)(1)(A). A "vessel without nationality" is defined to include "a vessel aboard which the master or individual in charge makes a claim of registry and for

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*) (holding that all decisions from the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981, are "binding as precedent in the Eleventh Circuit").

which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id.* § 70502(d)(1)(C). The MDLEA "applies even though the [criminal] act is committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b).

The MDLEA has been the subject of numerous legal challenges over the years. Most recently, in *Alfonso*, we rejected a constitutional challenge that Congress lacked the authority under the Felonies Clause of the Constitution[2] to prosecute offenses occurring in the EEZ—"the waters extending 200 nautical miles seaward of and adjacent to the territorial sea of a nation"—because those waters were not part of the "high seas." 104 F.4th at 818. In rejecting this challenge, we held that "international law does not limit the Felonies Clause" and that the EEZs were "part of the 'high seas' for purposes of the Felonies Clause." *Id.* at 823, 826–27. The appellants in *Alfonso* filed a petition for a writ of certiorari that remains pending with the Supreme Court. *See Alfonso v. United States*, No. 24-6177 (U.S. Dec. 19, 2024); *Rosario-Rojas v. United States*, No. 24-6691 (U.S. Mar. 4, 2025).

We then reaffirmed *Alfonso*'s holding in *United States v. Canario-Vilomar*, holding that Congress was not constrained by

---

[2] Under Article I, Section 8, Clause 10 of the Constitution, Congress has "three distinct grants of power: (1) the power to define and punish piracies, (the Piracies Clause); (2) the power to define and punish felonies committed on the high Seas, (the Felonies Clause); and (3) the power to define and punish offenses against the law of nations (the Offences Clause)." *Alfonso*, 104 F.4th at 820 (alteration adopted) (quotations omitted).

international law in crafting the MDLEA, and rejecting the appellant's argument that Congress could not reach his conduct because it occurred in the EEZ. 128 F.4th 1374, 1381–82 (11th Cir. 2025). Additionally, we rejected the appellant's claim that the MDLEA is unconstitutional because § 70502(d)(1)(C) grants the United States jurisdiction based on a definition of a "vessel without nationality" that includes vessels that are not stateless under international law. *Id.* at 1380–81. We explained that because "the Felonies Clause is not limited by customary international law," "[i]t follows that international law cannot limit Congress's authority to define 'stateless vessel' for purposes of the MDLEA."[3] *Id.* at 1381 (quotations omitted).

Thus, the government is clearly correct, as a matter of law, that Duran's claims are foreclosed by our decisions in *Alfonso* and *Canario-Vilomar*. Although Duran asserts that the government's motion is premature because of the pending petition for a writ of certiorari in the Supreme Court, even if the Supreme Court were to grant certiorari, "[g]rants of certiorari do not themselves change the law, and must not be used by courts as a basis to grant relief that would otherwise be denied." *In re Bradford*, 830 F.3d 1273, 1275 (11th Cir. 2016) (quotations omitted); *see also Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015)

---

[3] At the time Duran filed his response to the motion for summary affirmance, there was a pending petition for rehearing *en banc* in *Canario-Vilomar*, and Duran asserted that the government's motion for summary affirmance was also premature given that pending petition. However, that petition has since been denied. Therefore, we need not address this argument.

("Until the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent . . . .").

Accordingly, summary affirmance is proper in this case, and we **GRANT** the government's motion.