**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 22-12914

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JUAN RINCON PUELLO,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20520-RKA-2

————————————

————————————

No. 22-12981

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RAI MARTINEZ,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20520-RKA-1

————————————

Before JORDAN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Juan Rincon Puello and Rai Martinez appeal their respective convictions for conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine while on board a vessel on the high seas subject to the jurisdiction of the United States under the Maritime Drug Law Enforcement Act ("MDLEA"). They argue that the district court erred in denying their motions to withdraw and vacate their guilty pleas and dismiss the indictment because: (1) 46 U.S.C. § 70502(d)(1)(C) is unconstitutional, facially and as applied to them, as it defines a "vessel without nationality" to include vessels that are not stateless under international law; (2) the MDLEA is unconstitutional as applied to them because their offenses occurred in waters within the Dominican Republic's Exclusive Economic Zone ("EEZ"), which are not part of the "high seas" as defined by international law and thus are beyond Congress's authority under the Felonies Clause; (3) the

government failed to prove that their vessel was subject to United States jurisdiction because a claim of nationality, as opposed to a claim of registry, does not trigger § 70502(d)(1)(C); and (4) the MDLEA is unconstitutional, both facially and as applied to them, because Congress's power under the Felonies Clause does not extend to drug-trafficking offenses bearing no "nexus" to the United States. The government responds by moving for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161–62 (5th Cir. 1969).

When a motion to dismiss the indictment is based on subject matter jurisdictional grounds, we review the district court's denial de novo. *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024), *cert. denied*, No. 24-6177 (U.S. May 19, 2025), *and cert. denied*, No. 24-6691 (U.S. May 19, 2025). Likewise, we review de novo "a district court's interpretation of a statute and whether a statute is constitutional." *Id.* (quoting *United States v. Cabezas-Montano*, 949 F.3d 567, 586 n.10 (11th Cir. 2020)). However, we review for plain error a constitutional challenge to a statute that is raised for the first time on appeal. *Id.* at 828.

Plain error occurs where: (1) there is an error; (2) that is plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

The MDLEA makes it a crime to "knowingly or intentionally . . . possess with intent to manufacture or distribute, a controlled substance" on board "a [covered] vessel subject to the jurisdiction of the United States," and to conspire to do the same. 46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b). The statute defines a "vessel subject to the jurisdiction of the United States" as including, in relevant part, "a vessel without nationality." *Id.* § 70502(c)(1)(A). A "vessel without nationality" is defined to include, in relevant part, "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id.* § 70502(d)(1)(C). The MDLEA "applies even though the act is committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b).

Under Article I, Section 8, Clause 10 of the Constitution, Congress has "three distinct grants of power: (1) the power to define and punish piracies, (the Piracies Clause); (2) the power to

define and punish felonies committed on the high Seas, (the Felonies Clause); and (3) the power to define and punish offenses against the law of nations (the Offences Clause)." *Alfonso*, 104 F.4th at 820 (quotation marks omitted, alteration adopted) (citing U.S. Const. art. I, § 8, cl. 10).

In *Alfonso*, the defendants appealed their convictions under the MDLEA that were based on the United States Coast Guard's seizure of their vessel bearing no indicia of nationality in the Dominican Republic's EEZ. 104 F.4th at 818–19. In response to their challenges that the MDLEA was unconstitutional as applied to them because the Felonies Clause was limited by international law, we noted that we "repeatedly ha[d] upheld the MDLEA as a valid exercise of Congress's power to define and punish . . . Felonies on the high Seas." *Id*. at 820 (citation modified). Looking to the meaning of the "high seas" at the time the Constitution was ratified, we concluded that "international law does not limit the Felonies Clause." *Id*. at 821–23, 826. We held that a nation's EEZ is "part of the 'high seas' for purposes of the Felonies Clause in Article I of the Constitution," and thus "enforcement of the MDLEA in EEZs is proper." *Id*. at 823, 827. We noted that we "h[eld] only that customary international law has no bearing on the meaning of the 'high seas' as understood by the Framers at the time they adopted the Felonies Clause" and "recognize[d] that there are potentially other instances when international law considerations may inform MDLEA-based challenges." *Id*. at 823 n.10. We also addressed the appellants' constitutional challenge to § 70502(d)(1)(C)'s definition of "vessel without nationality," both facially and as applied,

because it exceeded the definition of a stateless vessel under customary international law but merely determined that they had not shown that any error was plain under plain-error review because there was no on-point precedent addressing the issue. *Id.* at 828–29.

We affirmed this holding in *United States v. Canario-Vilomar*, in which two appellants—one seized in a vessel 37 nautical miles north of Panama, and the other seized in a vessel 145 nautical miles north of Colombia—challenged the district court's jurisdiction, arguing, as relevant here, that the MDLEA exceeded Congress's authority under the Felonies Clause as constrained by international law and that one appellant's arrest did not occur on the high seas because he was arrested in Colombia's EEZ. 128 F.4th 1374, 1376–79 (11th Cir.), *petition for cert. filed*, No. 25-5506 (U.S. Aug. 28, 2025). We relied on *Alfonso* and similarly concluded that Congress was not constrained by international law in crafting the MDLEA. *Id.* at 1381 ("[W]e reject Lemus and Canario-Vilomar's contention that Congress was constrained by international law in crafting its definition of a stateless vessel or in defining the boundaries of the high seas."). We also rejected the appellants' argument "that the MDLEA's definition of a vessel without nationality—specifically, the inclusion of vessels for which a claimed nation can neither confirm nor deny registration—is ultra vires." *Id.* Relying on *Alfonso*'s holding that the Felonies Clause is not limited by customary international law, we reasoned that "[i]t follows that international law cannot limit Congress's authority to define 'stateless vessel' for purposes of the MDLEA," such that appellants' argument was foreclosed, even

22-12914                Opinion of the Court                7

though *Alfonso* did not address this precise issue. *Id.* (citing *Alfonso*, 104 F.4th at 826). Again relying on *Alfonso* as "ample binding precedent foreclosing [the defendant's] position," we rejected an appellant's argument that EEZs were not part of the "high seas" and "that Congress could not reach him merely because he chose to traffic drugs in Colombia's EEZ rather than farther out into the open ocean." *Id.* at 1381–82.

"Under our prior-panel-precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*." *Id.* at 1381 (quotation marks omitted, alteration adopted). We have "categorically rejected an overlooked reason or argument exception to the prior-panel precedent rule." *Id.* (quoting *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015)). We have also stated that a panel may not disregard precedent and, thus, that the prior panel precedent rule applies, even if a later panel believes it was wrongly decided. *United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017) (citing *Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) (rejecting an exception to the prior-panel precedent rule "based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time")).

We have explained that "the MDLEA treats the terms 'nationality' and 'registry' as interchangeable throughout § 70502." *United States v. Gruezo*, 66 F.4th 1284, 1291 (11th Cir.), *cert. denied*, 144 S. Ct. 178 (2023). "The interchangeability and equivalency of

these two terms in the MDLEA is further evidenced by § 70502(d)(1)(C), where the rejection of a master's claim of *registry* is premised on the named country's failure to confirm *nationality*." *Id.* In *Gruezo*, the master's failure to claim nationality was sufficient for the vessel to be subject to the jurisdiction of the United States under the MDLEA. *Id.* In *Alfonso*, we stated that the defendants "made a verbal claim of Columbian *nationality* for the vessel, but Colombia could not confirm or deny *registry* of the vessel, which rendered the vessel stateless and subject to the jurisdiction of the United States under the MDLEA, pursuant to 46 U.S.C. § 70502(d)(1)(C)." *Alfonso*, 104 F.4th at 819 (emphasis added).

The MDLEA is constitutional under the Felonies Clause as applied to drug-trafficking crimes on the high seas without a "nexus" to the United States. *Cabezas-Montano*, 949 F.3d at 587.

"Grants of certiorari do not themselves change the law, and must not be used by courts as a basis to grant relief that would otherwise be denied." *In re Bradford*, 830 F.3d 1273, 1275 (11th Cir. 2016) (habeas context) (quotation marks omitted, alteration adopted). Accordingly, "[u]ntil the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent." *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) (addressing dismissal of a claim under 42 U.S.C. § 1983).

Here, we grant the government's motion for summary affirmance because its position is clearly right as a matter of law such that there can be no substantial question as to the outcome of the

22-12914                Opinion of the Court                    9

case. *See Groendyke Transp., Inc.*, 406 F.2d at 1161–62. Puello and Martinez's arguments are foreclosed by our binding case precedent, as we have held that § 70502(d)(1)(C) is not facially unconstitutional and that a nation's EEZ is part of the "high seas" for purposes of the Felonies Clause in Article I of the Constitution and thus enforcement of the MDLEA in EEZs is proper. *See Alfonso*, 104 F.4th at 820–23, 826–27; *Canario-Vilomar*, 128 F.4th at 1381–82. Further, we have held that a claim of nationality triggers § 70502(d)(1)(C) and that the MDLEA extends to offenses bearing no "nexus" to the United States. *See Gruezo*, 66 F.4th at 1291; *Alfonso*, 104 F.4th at 819; *Cabezas-Montano*, 949 F.3d at 587. Thus, we affirm Puello's and Martinez's convictions.

**AFFIRMED.**